

**FILED**

SEP - 4 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KVAS

| | |
|---|---|
| In re<br><br>GIL MARIANO RAPOSO and<br>JOANNE CAROL RAPOSO,<br><br>    Debtors.<br>_____<br><br>GIL MARIANO RAPOSO and<br>JOANNE CAROL RAPOSO,<br><br>    Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERIVCING, LLC and<br>ONEWEST BANK, FSB,<br><br>    Defendants.<br>_____ | Case No. 09-27153-E-13<br><br><br><br><br><br><br><br>Adv. Proc. No. 15-2095<br>Docket Control No. RHS-1<br><br><br>DATE: September 24, 2015<br>TIME: 1:30 p.m.<br>DEPT: E |

**ORDER TO APPEAR RE ATTORNEY REPRESENTATION**

In this Adversary Proceeding, Gil Mariano and Joanne Raposo ("Plaintiff-Debtor") sued both OneWest Bank, FSB and Ocwen Loan Servicing, LLC for the failure to reconvey a deed of trust following the completion of the Chapter 13 plan and payment in full of the allowed secured claim for which the deed of trust was collateral. Neither Ocwen Loan Servicing, LLC nor OneWest Bank, FSB responded to the complaint or filed any opposition to entry of the default judgments against each of them.

In *Raposo v. Ocwen*, et al., the court perceives that the need to sue both Ocwen Loan Servicing, LLC and OneWest Bank, FSB was caused by the documents filed in the *Raposo* bankruptcy case. Bankr. E.D. Cal., Case No. 09-27153. In the *Raposo* bankruptcy case, Proof of Claim No. 7 was filed on May 27, 2009, by OneWest Bank, FSB. On September 4, 2015, a Notice of Transfer of Claim was filed stating that the claim of OneWest Bank, FSB had been transferred to Owen Loan Servicing, LLC. Case No. 09-27153, Dckt. 96. No copies of any transfer documents were attached to the Notice and no amended Proof of Claim No. 7 setting forth Owen Loan Servicing, LLC standing as a creditor had been filed. The Certificate of Service for the Notice of Transfer of Claim did not provide notice to OneWest Bank, FSB that Owen Loan Servicing, LLC asserted that OneWest Bank, FSB was no longer the creditor and that Owen Loan Servicing, LLC has obtained all of the rights held by OneWest Bank, FSB for the debt upon which Proof of Claim No. 7 was based. The Notice of Transfer in the Raposo bankruptcy case was signed by attorney Audrey J. Dixon (Fla. Bar No. 39288), of the Robertson, Anschutz & Schneid, PL law firm, as the attorney for Ocwen Loan Servicing, LLC.

The Plaintiff-Debtor set for hearing two motions for entry of defaults judgments; one against Ocwen Loan Servicing, LLC and the other against OneWest Bank, FSB. The hearings for the two motions were scheduled for August 27, 2015. Having provided at least twenty-eight days notice of the hearing, written oppositions were required to be filed at least fourteen days prior to August 27, 2015. Local Bankruptcy Rule ("LBR") 9014-1(f)(1).

On August 25, 2015, at 4:00 p.m., a Stipulation to Continue

Hearing was filed. Dckt. 21.  The Stipulation is purported to have been executed between Plaintiff-Debtor, Ocwen Loan Servicing, LLC, and OneWest Bank, FSB.  The Stipulation is executed for Ocwen Loan Servicing, LLC and OneWest Bank, FSB by Nichole L. Glowin, Esq., of the Wright, Finlay & Zak, LLP law firm.  This would be the first appearance in the Adversary Proceeding by Ms. Glowin or any attorney for the Wright, Finlay & Zak, LLP law firm for either Ocwen Loan Servicing, LLC or OneWest Bank, FSB.

On the morning of August 27, 2015, when the court became aware of the Stipulation, the courtroom deputy for Department E called both Peter Cianchetta, attorney for Plaintiff-Debtor, and Nichole Glowin.  The message was left for both that the matter had not been continued by the court, as there were some issues for the attorneys to address.  Telephonic appearances were available for both attorneys and the court pre-notified CourtCall (the telephonic appearance service) that the court authorized day-of-the-hearing addition of either attorney (or other attorney from their respective firms).

When the court called the two motions on the 1:30 p.m. calendar, Mr. Cianchetta appeared in court.  No appearance was made by Ms. Glowin or anyone from her firm to address the request to continue the hearing and the questions of the court.  Mr. Cianchetta stated that he had spoken with Ms. Glowin about the court not having continued the hearing based on the Stipulation.

The court's concerns are stated on the record and available for Ms. Glowin, the purported counsel for both OneWest Bank, FSB and Ocwen Loan Servicing, LLC.  The basic issue the court was seeking to address was whether the Wright, Finlay & Zak, LLP law

3

firm had been engaged by officers of both OneWest Bank, FSB and Ocwen Loan Servicing, LLC, or whether Ocwen Loan Servicing, LLC had engaged the law firm's services, representing that it had a power or other authorization that allowed it to act for OneWest Bank, FSB.

The court's concerns relate to conduct of Ocwen Loan Servicing, LLC in other cases in which it has misidentified itself as the "creditor," has failed to identify the actual creditor when requested by consumer counsel, and has refused to comply with Bankruptcy Rule 2004 subpoenas.

The fact that counsel purporting to represent Ocwen Loan Servicing, LLC and OneWest Bank, FSB failed to appear at the August 27, 2015 hearing when such counsel had been advised that the court was conducting the hearing raises additional concerns. Such counsel was seeking to have the hearings continued but was unwilling to attend the hearing to address any questions the court has concerning such a continuance.

The court honored Plaintiff-Debtor counsel's word that Plaintiff-Debtor agreed to continue the hearings. The hearings have been continued by separate order of the court.

In light of the inconsistent statements made by Ocwen Loan Servicing, LLC in the Plaintiff-Debtor's bankruptcy case, the inconsistent statements in other bankruptcy cases and failure to respond to Rule 2004 subpoenas (which issues are being addressed through a separate order to show cause being issued by the court), the purported counsel for OneWest Bank, FSB and Ocwen Loan Servicing, LLC failing to appear at the August 27, 2015 hearing that they sought to have continued, and good cause appearing;

4

**IT IS ORDERED** that the court shall conduct a hearing regarding attorney representation at **1:30 p.m. on September 24, 2015,** in Department E of the United States Bankruptcy Court, 501 I Street, Sixth Floor, Sacramento, California.

**IT IS FURTHER ORDERED** that Nichole L .Glowin, Esq., of Wright, Finlay & Zak, LLP, as the attorney who filed the Stipulation to Continue purportedly for OneWest Bank, FSB and Ocwen Loan Servicing, LLC, and Peter CIanchetta, attorney for Plaintiff-Debtor, shall each appear at the September 24, 2015 hearing. No telephonic appearances are permitted for any attorneys attending the hearing, including any other attorneys from the Wright, Finlay & Zak, LLP who may choose to appear with Ms. Glowin or "monitor" the hearing.

**IT IS FURTHER ORDERED** that Nichole L Glowin and Wright Finlay & Zak, LLP shall file on or before **September 17, 2015,** a written Response, supported by credible, admissible evidence, identifying the representatives of Ocwen Loan Servicing, LLC and the representatives of OneWest Bank, LLC with which they communicated with about serving as attorneys for those respective parties and who the persons were that agreed to engage the services of Wright, Finlay & Zak, LLP to represent Ocwen Loan Servicing, LLC and to represent OneWest Bank, FSB.

**IT IS FURTHER ORDERED** that Wright Finlay & Zak, LLP shall include with its Response a copy of the fully executed engagement letter with Ocwen Loan Servicing, LLC and the fully executed engagement letter with OneWest Bank, FSB (each redacted as appropriate) for the legal services to be provided to each of the two named defendants in connection with this Adversary Proceeding.

5

If such engagement was based on a power of attorney being asserted by either Ocwen Loan Servicing, LLC or OneWest Bank, FSB, a copy of that power of attorney shall be included with the Response (redacted as appropriate).

Dated: September 4, 2015

RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

    **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), **and** __XX__ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Peter L. Cianchetta
8788 Elk Grove Blvd., Ste. 2A
Elk Grove, CA 95624

Nichole L. Glowin
4665 MacArthur Court, #280
Newport Beach, CA 92660

CIT Bank, N.A.
Attn: Officer - Legal Notice
888 E. Walnut
Pasadena, CA 91101

CIT Bank, N.A.
c/o CT Corporation Systems - Legal Notice
818 West Seventh Street, Ste. 930
Los Angeles, CA 90017