WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys for Defendants, OCWEN LOAN SERVICING, LLC and ONEWEST BANK, FSB

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>　　　Debtors.<br>_____<br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC and ONEWEST BANK, FSB,<br><br>　　　Defendants. | Chapter: 13<br><br>BK Case No.: 09-27153<br>Adv. Case No.: 15-02095<br><br><br><br>**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**<br><br>Date:　　　September 24, 2015<br>Time:　　　1:30 p.m.<br>Courtroom:　33, Dept. E<br>Location:　　501 I Street<br>　　　　　　　Sacramento, CA 95814 |

I, Nichole L. Glowin, hereby declare and state as follows:

1.　　I am an attorney duly licensed to practice before this Court and all of the other courts of the State of California, and I am an associate with the Law Offices of Wright, Finlay & Zak, LLP ("WFZ"). WFZ has been retained as counsel of record for Defendants, OCWEN LOAN SERVICING, LLC ("Ocwen") and ONEWEST BANK, FSB ("OneWest") (hereinafter

1

**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**

collectively referred to as the "Defendants") concerning all litigation involving the property located at 9090 Locust Street, Elk Grove, CA 95624 ("Property"), including the above-captioned adversary proceeding, commonly known as Case No. 15-02095, filed May 14, 2015 against Defendants ("Adversary Action").

2.  I have been responsible for the oversight of the Adversary Action since WFZ was retained to handle the matter on August 5, 2015 and have personally prepared and/or gathered the documents referred to in this Declaration; therefore, I have personal knowledge of the facts set forth herein. If called upon to testify as to the facts set forth herein, I could and would competently do so after being duly sworn.

3.  I am informed and believe and thereon state that on or about October 2, 2006, Debtors and Plaintiffs GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO (hereinafter collectively referred to as "Plaintiffs") executed a Home Equity Line of Credit ("HELOC") in favor of Indymac Bank, FSB (hereinafter "Indymac Bank") in the amount of $51,000.00. The HELOC was secured by a second credit priority position Deed of Trust ("Deed of Trust") recorded against the Plaintiffs' primary residence located at 9090 Locust Street, Elk Grove, CA 95624 ("Property") in the Official Records for the County of Sacramento on October 5, 2006, in Book 20061005, at Page 0967 (See Plaintiff's Adversary Complaint at ¶¶ 7 and 10). True and correct copies of the HELOC and Deed of Trust are attached hereto as Exhibits "1" and "2," respectively, and are incorporated herein by reference as though set forth in full.

4.  I am informed and believe and thereon state that on April 16, 2009, Plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, as Case No. 09-27153 ("Bankruptcy Action") (See docket for the Bankruptcy Action on file with this Court, generally).

5.  I am informed and believe and thereon state that at the time of the filing of the Bankruptcy Action, Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4 (hereinafter

referred to as the "Investor") was the owner and holder of the HELOC and Deed of Trust and that Defendant OneWest Bank acted as servicer of the HELOC and Deed of Trust on behalf of the Investor.

6. I am informed and believe and thereon state that OneWest Bank transferred its servicing rights to Ocwen and that Ocwen is the current servicer on the HELOC and Deed of Trust on behalf of the Investor (See Plaintiff's Adversary Complaint at ¶ 11 which denotes that the HELOC and Deed of Trust are serviced by Ocwen). I am further informed and believe and thereon state that correspondence was sent to the Plaintiffs on November 15, 2013, notifying them that the servicing of the HELOC and Deed of Trust was being transferred from OneWest Bank to Ocwen ("Service Transfer Letter"). A true and correct copy of the Service Transfer Letter is attached hereto as Exhibit "3" and is incorporated herein by reference as though set forth in full.

7. I am informed and believe and thereon allege state on May 14, 2015, Plaintiffs filed this adversary Complaint against Defendants in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, as Case No. 15-02095 ("Adversary Action"), to compel Defendants to record a release of the Deed of Trust on the Property as the HELOC and Deed of Trust were allegedly avoided in Plaintiffs underlying bankruptcy case.

8. I am informed and believe and thereon state that Plaintiffs filed a Notice of Motion and Motion for Default Judgment ("Default Motion") on the Complaint in the Adversary Action and requested that all relief in the Complaint, including damages, be granted. A hearing on the Default Motion was thereafter scheduled to occur on August 27, 2015 at 1:30 PM in the above-referenced Court (See Docket for the Adversary Action at Docket Nos. 16-20).

9. On August 5, 2015, Ocwen retained WFZ to defend Ocwen and OneWest in the Adversary Action, and I was assigned oversight of the matter. A true and correct copy of the electronic correspondence from Ocwen to WFZ regarding its designation as counsel for this matter is attached hereto as Exhibit "4" and is incorporated herein by reference as though set forth in full; to protect Ocwen's attorney-client privilege, Exhibit "4" has been redacted.

10. Between August 5, 2015 and August 25, 2015 I had several discussions with counsel for Plaintiffs, the Law Offices of Peter Cianchetta, wherein we agreed to continue the hearing on the Default Motion to complete the following tentative settlement: 1) Ocwen would record a release of the Deed of Trust and 2) Ocwen would pay the damages set forth in the Default Motion. Pursuant to these discussions, on August 25, 2015 my office filed a Stipulation to continue the hearing on the Default Motion in the Adversary Action (See Docket for the Adversary Action at Docket No. 21) to facilitate settlement.

11. On August 27, 2015, I received a voicemail message from the courtroom deputy for the Honorable Ronald Sargis informing me that the Court would not enter the order on the Stipulation to continue the Default Motion hearing. At that time I was not informed that appearances at the hearing were mandatory or that the Court had questions concerning my role in the Adversary Action. Indeed, on that same day, I spoke with counsel for Plaintiffs, Peter Cianchetta, Esq., who agreed to appear at the hearing on behalf of all parties to request a further continuance due to our pending settlement.

12. On September 4, 2015, I received the Court's Order to Appear Re Attorney Representation ("Order to Appear"), directing me to file this response and to provide documentation regarding my authority to act as counsel for Defendants Ocwen and OneWest Bank. On that same day, I was contacted by Plaintiffs' counsel, Peter Cianchetta, Esq., who requested that we stipulate to continue the hearing set on the Order to Appear due to his personal conflict. I am in the process of drafting and filing a stipulation to continue the hearing set on the Order to Appear as requested by Plaintiffs' counsel.

13. This Declaration serves as an initial response to the Court Order to Appear and provides proof of representation as requested in the Order to Appear. I am in the process of obtaining a supplemental declaration from my client with the relevant supporting documentation to further address the Order to Appear and will file such proof as soon as it is received; due to the highly privileged and sensitive nature of the documents my client requires additional time to provide the requested declaration.

| | |
|---|---|
| 1 | 14. On September 2, 2015, Ocwen executed a Full Reconveyance regarding the |
| 2 | Deed of Trust ("Lien Release"), which has been sent to the County of Sacramento for |
| 3 | recording. Concurrently therewith, Ocwen also sent correspondence to Plaintiffs, informing |
| 4 | them that the Deed of Trust was in process of being release ("Release Letter"). True and |
| 5 | correct copies of the Lien Release and Release Letter are attached hereto as Exhibits "5" and |
| 6 | "6," respectively, and are incorporated herein by reference as though set forth in full. |
| 7 | Defendants and Plaintiffs, by and through their respective counsels, are in the process of |
| 8 | completing a full settlement of the Adversary Action by addressing the remaining issue of the |
| 9 | damages set forth in the Default Motion. |
| 10 | I declare under the penalty of perjury of the laws of the United States of America that |
| 11 | the foregoing is true and correct. Executed this 17th day of September 2015, at Newport Beach, |
| 12 | California. |

             /s/ Nichole L. Glowin
             Nichole L Glowin, Declarant

5
**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**