WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys for Defendants, OCWEN LOAN SERVICING, LLC and ONEWEST BANK, FSB

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>        Debtors.<br>_____<br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>        Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC and ONEWEST BANK, FSB,<br><br>        Defendants. | Chapter: 13<br><br>BK Case No.: 09-27153<br>Adv. Case No.: 15-02095<br><br><br><br><br>**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**<br><br>Date:      November 19, 2015<br>Time:     1:30 p.m.<br>Courtroom: 33, Dept. E<br>Location:  501 I Street<br>                Sacramento, CA 95814 |

I, Nichole L. Glowin, hereby declare and state as follows:

1.    I am an attorney duly licensed to practice before this Court and all of the other courts of the State of California, and I am an associate with the Law Offices of Wright, Finlay & Zak, LLP ("WFZ"). WFZ has been retained as counsel of record for Defendants, OCWEN LOAN SERVICING, LLC ("Ocwen") and ONEWEST BANK, FSB ("OneWest") (hereinafter

1
**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**

1 collectively referred to as the "Defendants") concerning all litigation involving the property
2 located at 9090 Locust Street, Elk Grove, CA 95624 ("Property"), including the above-
3 captioned adversary proceeding, commonly known as Case No. 15-02095, filed May 14, 2015
4 against Defendants ("Adversary Action").

5     2. I have been responsible for the oversight of the Adversary Action since WFZ
6 was retained to handle the matter on August 5, 2015 and have personally prepared and/or
7 gathered the documents referred to in this Declaration; therefore, I have personal knowledge of
8 the facts set forth herein. If called upon to testify as to the facts set forth herein, I could and
9 would competently do so after being duly sworn.

10     3. On September 4, 2015, I received this Court's Order to Appear Re Attorney
11 Representation ("Order to Appear") entered in the above-referenced adversary case which
12 directed my office to file a response and to provide documentation on or before September 17,
13 2015 regarding WFZ's authority to act as counsel for Defendants Ocwen and OneWest.

14     4. Both OneWest and Ocwen service a large number of loans, and as such,
15 requests for documents and/or declarations often take a few weeks to be returned. Despite my
16 best efforts, I was unable to obtain the documentation, client approval to produce the
17 documentation and/or a client declaration to substantiate the documentation requested by the
18 Court in Order to Appear before the September 17, 2015 deadline.

19     5. On September 17, 2015, I filed a Declaration ("Sept. Declaration") under
20 information and belief as a good faith attempt to meet the Court's deadline and to provide
21 preliminary information addressing the concerns of the Court. I understand that a declaration
22 under information and belief does not meet the standard of Federal Rule of Evidence Rule 602
23 for testimony. The Sept. Declaration was filed under information and belief as OneWest and
24 Ocwen were and are the best parties to address the issues raised by the Court in the Order to
25 Appear. Paragraph 13 of my Sept. Declaration specifically stated that my office would be filing
26 supplemental declarations from the client along with the documentation requested by the Court
27 as soon as possible.

28

1     6.    On September 18, 2015 my office filed a Stipulation to Continue the hearing on the Order to Appear to November 19, 2015 ("Stipulation"). The Court entered an Order on the Stipulation on September 22, 2015 ("Stipulation Order") and in said Stipulation Order required that I file this response to address the Court's concerns regarding my Sept. Declaration.

7.    This Declaration serves as my response to the concerns raised by the Court in the Stipulation Order regarding the Sept. Declaration. Paragraphs 4 and 5 set forth herein above address the issues raised in Paragraphs A and B of the Stipulation Order and explain why I was unable to provide the Court with its requested documentation and why I filed the Sept. Declaration under information and belief. In conjunction herewith, my office has filed declarations by Ocwen ("Ocwen Dec.") and OneWest ("OWB Dec.") to address the information requested by the Court in the Order to Appear. Both the OWB Dec. and Ocwen Dec. address many of the concerns raised in Paragraphs C, D and E of the Stipulation Order, and as such, I respectfully request that the Court refer to the paragraphs of the Ocwen Dec. and OWB Dec. referenced below.

8.    Exhibit "4" attached to by Sept. Dec. contained a copy of the referral in which Ocwen retained WFZ as counsel for the Adversary Action. As set forth in Paragraph 11 of the Ocwen Dec. 1) WFZ was retained as counsel to defend both Ocwen and OneWest in the Adversary Action on August 5, 2015; 2) the referral e-mail (Exhibit "4" to the Sept. Dec.) was not sent directly to WFZ rather it was uploaded into Ocwen's CounselLink case management system for WFZ to view and 3) Ocwen Financial Solutions is an authorized agent of Ocwen Loan Servicing, LLC. Due to the fact that the referral e-mail was not sent directly to WFZ but was instead uploaded into the CounselLink case management system no date appears on the referral e-mail.

9.    As set forth in Paragraph 9 of the Ocwen Dec. no retainer agreements or engagement letters exist between Ocwen, OneWest and WFZ. Ocwen employs a "Managing Counsel" program whereby it has designated several law firms throughout the country to handle litigation matters that rise to the level of Ocwen's Legal Department.  WFZ is one of Ocwen's Managing Counsel.  Ocwen does not execute a retainer agreement as to each

1 individual referral to Managing Counsel. Instead, matters are referred to Managing Counsel
2 through referrals that are uploaded into Ocwen's CounselLink case management system.
3 Attached hereto as Exhibit 5, is a redacted copy of the referral e-mail from Ocwen to WFZ
4 uploaded into the CounselLink system, asking that it handle this matter on behalf of Ocwen
5 and OWB. Additionally, as set forth in Paragraphs 7 and 8 of the OWB Dec., Ocwen has
6 authority to retain counsel to defend OneWest in litigation concerning the Property and
7 OneWest specifically consents to WFZ's representation in the Adversary Action. Exhibit "5"
8 attached to the Ocwen Dec. and the OWB Dec. filed concurrently herewith evidence WFZ's
9 authority to represent both Ocwen and OneWest in the Adversary Action.

10    10.    Should the Court require any further information, documentation or explanation
11 regarding the Order to Appear or the Sept. Declaration, I will provide the same upon receipt of
12 notice from the Court.

13    I declare under the penalty of perjury of the laws of the United States of America that
14 the foregoing is true and correct. Executed this 15th day of October 2015, at Newport Beach,
15 California.

            */s/ Nichole L. Glowin*
            Nichole L Glowin, Declarant

---

4
**DECLARATION OF NICHOLE L. GLOWIN IN RESPONSE TO ORDER TO APPEAR REGARDING ATTORNEY REPRESENTATION**