# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTE

---

**Case Title :**  Gil/Joanne Raposo
Raposo et al v. Ocwen Loan Servicing,
LLC et al

**Case No :**  **09-27153-E-13**
**Adv. No:**  **15-2095**
**Date :**  11/19/15
**Time :**  1:30 p.m.

**Matter :**  [29] - Continued Order to Appear [RHS-1]

**Judge :**  **Ronald H. Sargis**
**Courtroom Deputy :**  **Janet Larson**
**Reporter :**  **Diamond Reporters**
**Department :**  **E**

---

**APPEARANCES for:**
**Movant(s) :**

**Respondent(s) :**
   Attorney for the Plaintiffs - Peter Cianchetta
   Attorney for the Defendants - Nichole Glowin

---

## CIVIL MINUTE

The Order to Appear was served by the Clerk of the Court on Gil and Joanne Raposo ("Plaintiff-Debtor"), Plaintiff-Debtor's attorney, Nichole Glowin, Peter Cianchetta, Creditor, Trustee, and the Office of the U.S. Trustee on September 10, 2015. The court computes that 14 days' notice has been provided.

---
**The Order to Appear to Discharged.**

---

On September 4, 2015, the court issued an Order to Appear Re Attorney Representation. Dckt. 29. Specifically, the court ordered the following:

In light of the inconsistent statements made by Ocwen Loan Servicing, LLC in the Plaintiff-Debtor's bankruptcy case, the inconsistent statements in other bankruptcy cases

and failure to respond to Rule 2004 subpoenas (which issues
are being addressed through a separate order to show cause
being issued by the court), the purported counsel for
OneWest Bank, FSB and Ocwen Loan Servicing, LLC failing to
appear at the August 27, 2015 hearing that they sought to
have continued, and good cause appearing;

IT IS ORDERED that the court shall conduct a hearing
regarding attorney representation at 1:30 p.m. on September
24, 2015, in Department E of the United States Bankruptcy
Court, 501 I Street, Sixth Floor, Sacramento, California.

IT IS FURTHER ORDERED that Nichole L .Glowin, Esq., of
Wright, Finlay & Zak, LLP, as the attorney who filed the
Stipulation to Continue purportedly for OneWest Bank, FSB
and Ocwen Loan Servicing, LLC, and Peter CIanchetta,
attorney for Plaintiff-Debtor, shall each appear at the
September 24, 2015 hearing.  No telephonic appearances are
permitted for any attorneys attending the hearing, including
any other attorneys from the Wright, Finlay & Zak, LLP who
may choose to appear with Ms. Glowin or "monitor" the
hearing.

IT IS FURTHER ORDERED that Nichole L Glowin and Wright
Finlay & Zak, LLP shall file on or before September 17,
2015, a written Response, supported by credible, admissible
evidence, identifying the representatives of Ocwen Loan
Servicing, LLC and the representatives of OneWest Bank, LLC
with which they communicated with about serving as attorneys
for those respective parties and who the persons were that
agreed to engage the services of Wright, Finlay & Zak, LLP
to represent Ocwen Loan Servicing, LLC and to represent
OneWest Bank, FSB.

IT IS FURTHER ORDERED that Wright Finlay & Zak, LLP
shall include with its Response a copy of the fully executed
engagement letter with Ocwen Loan Servicing, LLC and the
fully executed engagement letter with OneWest Bank, FSB
(each redacted as appropriate) for the legal services to be
provided to each of the two named defendants in connection
with this Adversary Proceeding.  If such engagement was
based on a power of attorney being asserted by either Ocwen
Loan Servicing, LLC or OneWest Bank, FSB, a copy of that
power of attorney shall be included with the Response
(redacted as appropriate).

BACKGROUND

In this Adversary Proceeding, Gil Mariano and Joanne Raposo
("Plaintiff-Debtor") sued both OneWest Bank, FSB and Ocwen Loan
Servicing, LLC for the failure to reconvey a deed of trust following
the completion of the Chapter 13 plan and payment in full of the
allowed secured claim for which the deed of trust was collateral.
Neither Ocwen Loan Servicing, LLC nor OneWest Bank, FSB responded to
the complaint or filed any opposition to entry of the default

judgments against each of them.

In Raposo v. Ocwen, et al., the court perceives that the need to sue both Ocwen Loan Servicing, LLC and OneWest Bank, FSB was caused by the documents filed in the Raposo bankruptcy case. Bankr. E.D. Cal., Case No. 09-27153. In the Raposo bankruptcy case, Proof of Claim No. 7 was filed on May 27, 2009, by OneWest Bank, FSB. On September 4, 2015, a Notice of Transfer of Claim was filed stating that the claim of OneWest Bank, FSB had been transferred to Owen Loan Servicing, LLC. Case No. 09-27153, Dckt. 96. No copies of any transfer documents were attached to the Notice and no amended Proof of Claim No. 7 setting forth Owen Loan Servicing, LLC standing as a creditor had been filed. The Certificate of Service for the Notice of Transfer of Claim did not provide notice to OneWest Bank, FSB that Owen Loan Servicing, LLC asserted that OneWest Bank, FSB was no longer the creditor and that Owen Loan Servicing, LLC has obtained all of the rights held by OneWest Bank, FSB for the debt upon which Proof of Claim No. 7 was based. The Notice of Transfer in the Raposo bankruptcy case was signed by attorney Audrey J. Dixon (Fla. Bar No. 39288), of the Robertson, Anschutz & Schneid, PL law firm, as the attorney for Ocwen Loan Servicing, LLC.

The Plaintiff-Debtor set for hearing two motions for entry of defaults judgments; one against Ocwen Loan Servicing, LLC and the other against OneWest Bank, FSB. The hearings for the two motions were scheduled for August 27, 2015. Having provided at least twenty-eight days notice of the hearing, written oppositions were required to be filed at least fourteen days prior to August 27, 2015. Local Bankruptcy Rule ("LBR") 9014-1(f)(1).

On August 25, 2015, at 4:00 p.m., a Stipulation to Continue Hearing was filed. Dckt. 21. The Stipulation is purported to have been executed between Plaintiff-Debtor, Ocwen Loan Servicing, LLC, and OneWest Bank, FSB. The Stipulation is executed for Ocwen Loan Servicing, LLC and OneWest Bank, FSB by Nichole L. Glowin, Esq., of the Wright, Finlay & Zak, LLP law firm. This would be the first appearance in the Adversary Proceeding by Ms. Glowin or any attorney for the Wright, Finlay & Zak, LLP law firm for either Ocwen Loan Servicing, LLC or OneWest Bank, FSB.

On the morning of August 27, 2015, when the court became aware of the Stipulation, the courtroom deputy for Department E called both Peter Cianchetta, attorney for Plaintiff-Debtor, and Nichole Glowin. The message was left for both that the matter had not been continued by the court, as there were some issues for the attorneys to address. Telephonic appearances were available for both attorneys and the court pre-notified CourtCall (the telephonic appearance service) that the court authorized day-of-the-hearing addition of either attorney (or other attorney from their respective firms).

When the court called the two motions on the 1:30 p.m. calendar, Mr. Cianchetta appeared in court. No appearance was made by Ms. Glowin or anyone from her firm to address the request to continue the hearing and the questions of the court. Mr. Cianchetta stated that he had spoken with Ms. Glowin about the court not having continued the

hearing based on the Stipulation.

The court's concerns are stated on the record and available for Ms. Glowin, the purported counsel for both OneWest Bank, FSB and Ocwen Loan Servicing, LLC.  The basic issue the court was seeking to address was whether the Wright, Finlay & Zak, LLP law firm had been engaged by officers of both OneWest Bank, FSB and Ocwen Loan Servicing, LLC, or whether Ocwen Loan Servicing, LLC had engaged the law firm's services, representing that it had a power or other authorization that allowed it to act for OneWest Bank, FSB.

The court's concerns relate to conduct of Ocwen Loan Servicing, LLC in other cases in which it has misidentified itself as the "creditor," has failed to identify the actual creditor when requested by consumer counsel, and has refused to comply with Bankruptcy Rule 2004 subpoenas.

The fact that counsel purporting to represent Ocwen Loan Servicing, LLC and OneWest Bank, FSB failed to appear at the August 27, 2015 hearing when such counsel had been advised that the court was conducting the hearing raises additional concerns.  Such counsel was seeking to have the hearings continued but was unwilling to attend the hearing to address any questions the court has concerning such a continuance.

The court honored Plaintiff-Debtor counsel's word that Plaintiff-Debtor agreed to continue the hearings.  The hearings have been continued by separate order of the court.

NICHOLE GLOWIN'S RESPONSE

Nichole Glowin ("Glowin"), associate with the Law Offices of Wright, Finlay & Zak, LLP, ("WFZ") filed a response to the instant Order to Appear on September 17, 2015. Dckt. 35.

Glowin declares that WFZ has been retained as counsel of record for Defendants Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("OneWest") on all litigation involving Debtor's primary residence, located at 9090 Locust Street, Elk Grove CA ("Property"); this representation includes Adversary Proceeding No. 15-02095. Dckt. 35 ¶ 1, 9; Dckt. 36, Exhibit 4.  Glowin has been the associate at WFZ responsible for oversight of Adversary Proceeding No. 15-02095 since August 5, 2015. Dckt. 35 ¶ 2; Dckt. 36, Exhibit 4.

Glowin's Declaration asserts that around October 2, 2006, Gil Mariano Raposo and Joanne Carol Raposo ("Debtors") executed a Home Equity Line of Credit ("HELOC") with IndyMac Bank, FSB. Dckt. 35 ¶ 3; Dckt. 36, Exhibit 1.  The HELOC was secured by a second credit priority position Deed of Trust recorded against the Property. Dckt. 35 ¶ 3; Dckt. 36, Exhibit 2.  Further, Glowin asserts that around April 16, 2009, (the time Plaintiff-Debtor filed the Chapter 13 petition) Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H4 ("Investor") owned and held the HELOC and Deed of Trust; OneWest acted as servicer of the HELOC and Deed of Trust on behalf of Investor.

Dckt. 35 ¶ 4, 5.  Glowin asserts OneWest transferred its servicing rights to Ocwen; Ocwen sent Debtors a letter dated November 15, 2013 of this transfer. Dckt. 35 ¶ 6; Dckt. 36, Exhibit 3.

Glowin declares that on May 14, 2015, Plaintiff-Debtor filed the Adversary Proceeding No. 15-02095 to compel Defendants, Ocwen and OneWest, to record a release of the Deed of Trust on the Property because the HELOC and Deed of Trust were allegedly avoided in the bankruptcy case. Dckt. 35 ¶ 7.  This court scheduled a hearing on August 27, 2015, to address the Default Judgment filed by Debtors against Defendants on this issue. Case No. 15-02095, Dckt. 25. Between August 5, 2015, and August 25, 2015, Glowin asserts she spoke with counsel for Plaintiff-Debtor, the Law Offices of Peter Cianchetta, and agreed to continue the hearing to allow Ocwen time to record a release of the Deed of Trust and to allow Ocwen to pay the damages in the Default Motion. Dckt. 35 ¶ 10; Dckt. 36, Exhibits 5, 6.

On August 27, 2015, Glowin asserts she received the voicemail message from this court informing Glowin the court would not enter the order to continue the Default Motion hearing.  Dckt. 35 ¶ 11.  Glowin alleges she was not informed that her presence at the August 27, 2015 hearing was mandatory, nor was she aware that the court had questions on Glowin's role in this action; instead, she requested Cianchetta to appear for all parties to request a continuance due to a pending settlement. Dckt. 35 ¶ 11.

Glowin states that on September 2, 2015, Ocwen executed a Full Reconveyance regarding the Deed of Trust. Dckt. 36, Exhibit 5 and 6. Glowin asserts that the parties are in the process of completing a full settlement of the Adversary Proceeding No. 15-02095 by addressing the remaining issue of the damages set forth in the Default Motion.

Additionally, Glowin alleges that this Declaration is only an initial response to the Order to Appear, and that she will file a supplemental declaration with supporting documents as soon as the proof is received. Dckt. 35 ¶ 13.  Glowin asserts she is drafting a stipulation to file to continue the hearing on the Order to Appear by Cianchetta's request.

SEPTEMBER 22, 2015 ORDER

On September 22, 2015, the court issued on order continuing the instant hearing to 1:30 p.m. on November 19, 2015. Dckt. 40. The court further ordered the following:

> IT IS FURTHER ORDERED that Nichole L Glowin or Wright Finlay & Zak, LLP, shall file Supplemental Documents which include the following:
>
> A. The legal authority for filing a declaration under penalty of perjury in which the declarant provides testimony "under information and belief." 28 U.S.C. § 1746; Fed. R. Evid.; Fed. R. Evid. 602; Weinstein's Federal Evidence § § 602.02, 602.04.

B. The reason why Wright Finlay & Zak, LLP was not able to provide the court with copies (redacted as appropriate) of the engagement letter or letters, and any powers of attorney upon which such engagement was based, as counsel for Ocwen Loan Servicing, LLC and OneWest Bank, FSB, and each of them, by the September 14, 2015 deadline set by this court.

C. An explanation of how Exhibit 4 is the basis for the statement (which was not qualified as being merely on information and belief) in the declaration that, "On August 5, 2015, Ocwen retained WFZ to defend Ocwen and OneWest in the Adversary Action." Additionally, why the document filed as Exhibit 4, a purported email, contains no date, when it is common for all emails to contain a date the email was transmitted.

D. An explanation as to how the email provided as Exhibit 4 from an entity identified in the email signature block as "Ocwen Financial Solutions" is submitted as evidence of Ocwen Loan Servicing, LLC and OneWest Bank, FSB, and each of them, having engaged the services of Wright Finlay & Zak, LLP as counsel in this Adversary Proceeding.

E. Copies of the engagement letters (and powers of attorney if any were used for the engagement of counsel) between Ocwen Loan Servicing, LLP and Wright Finlay & Zak, LLP, and OneWest Bank, FSB and Wright Finlay & Zak, LLP (redacted as appropriate).

IT IS FURTHER ORDERED that all Supplemental Pleadings filed by Nicole L. Glowin and Wright, Finlay & Zak, LLP, and each of them, shall be filed and served on or before October 15, 2015.

NICHOLE GLOWIN'S DECLARATION

Nichole L. Glowin filed a Declaration on October 15, 2015 in response to this court's September 4, 2015 Order to Appear.

Ms. Glowin declares that she is an associate of the Law Offices of Wright, Finlay & Zak LLP. Wright, Finlay & Zak LLP was retained as counsel of record for Defendants Ocwen Loan Servicing, LLC and OneWest Bank, FSB on August 5, 2015, concerning all litigation involving the property located at 9090 Locust Street, Elk Grove, California. This includes the Adversary Proceeding in Case No. 15-02095, filed on May 14, 2015.

After receiving this court's Order to Appear on September 4, 2015, Ms. Glowin states:

Both OneWest and Ocwen service a large number of loans, and as such, requests for documents and/or declarations often take a few weeks to be returned. Despite my best efforts, I was unable to obtain the documentation, client approval [sic] to produce the documentation and/or a client

declaration to substantiate the documentation requested by
the Court in order to Appear before the September 17, 2015
deadline.

In lieu of the requested documents, Ms. Glowin states that:

> I filed a Declaration on September 17, 2015 under
> information and belief as a good faith attempt to meet the
> Court's deadline and to provide preliminary information
> addressing the concerns of the Court. I understand that a
> declaration under information and belief does not meet the
> standard of Federal Rule of Evidence Rule 602 of testimony.
> The Sept. Declaration was filed under information and belief
> as OneWest and Ocwen were and are the best parties to
> address the issues raised by the Court in the Order to
> Appear.

The court granted Ms. Glowin's Stipulation to Continue, and
further ordered Ms. Glowin to respond to certain concerns on that
September 17, 2015 Declaration.

Ms. Glowin's response is that, in the September 15, 2015
Declaration:

> Paragraphs 4 and 5 [of the September 15, 2015 Declaration]
> address the issues raised in Paragraphs A and B of the
> Stipulation Order and explain why I was unable to provide
> the Court with its requested documentation and why I filed
> the Sept. Declaration under information and belief.

In addition, Ms. Glowin asserts that the following paragraphs from the
Ocwen and OneWest Declarations, filed concurrently, and certain
exhibits filed with the September 15, 2015 Declaration, address the
concerns of the court listed in the Order to Appear paragraphs C, D,
and E:

A.   Exhibit 4, attached to the September Declaration, contains a copy
     of the referral in which Ocwen retained WFZ as counsel for the
     Adversary Action;

B.   Paragraph 11 of the Ocwen Declaration states that WFZ was
     retained as counsel to defend both Ocwen and OneWest in the
     Adversary Action on August 5, 2015;

C.   Exhibit 4, "the referral e-mail," was not sent directly to WFZ
     but was instead uploaded into Ocwen's CounselLink case management
     system for WFZ to view. Because the referral e-mail was not sent
     directly to WFZ, but was instead uploaded into the CounselLink
     case management system, no date appears on the referral e-mail;

D.   Paragraph 9 of the Ocwen Declaration states no retainer
     agreements or engagement letters exist between Ocwen, OneWest,
     and WFZ. Ocwen employs a "Managing Counsel" program and
     designates several law firms throughout the country to handle
     litigation matters that rise to the level of Ocwen's Legal

Department. WFZ is one of Ocwen's Managing Counsel. Ocwen does not execute a retainer agreement as to each individual referral to Managing Counsel. Instead, Managing Counsel receives referrals through Ocwen's CounselLink case management system;

E.    Exhibit 5 is another copy of the referral email between Ocwen and WFZ, which Ms. Glowin asserts is evidence of WFZ's authority to represent both Ocwen and OneWest in the Adversary Proceeding;

F.    Paragraphs 7 and 8 of the OneWest Declaration states that Ocwen has authority to retain counsel to defend OneWest in litigation concerning the Property, and OneWest specifically consents to WFZ's representation in the Adversary Action.

Ms. Glowin describes Ocwen Financial Solutions as an authorized agent of Ocwen Loan Servicing, LLC.

EVIDENCE OF OCWEN LOAN SERVICING, LLC

Ocwen Loan Servicing, LLC, filed a response to this court's September 4, 2015 Order to Appear on October 15, 2015.  Ocwen addresses this court's Order by filing the following documents:

A.    a Declaration from Kevin Flannigan;

B.    the Docket for Bankruptcy Case 09-27153;

C.    a Deed of Trust;

D.    a Service Transfer Letter;

E.    a Power of Attorney; and

F.    an Ocwen Referral E-mail.

Dckt. 56 and 57.

Declaration of Kevin Flannigan

Ocwen filed the Declaration of Kevin Flannigan. Dckt. 56.  Mr. Flannigan declares he is a Senior Loan Analyst of Ocwen Financial Corporation, whose direct subsidiary is Defendant, Ocwen Loan Servicing, LLC.

Mr. Flannigan summarizes his duties as including: reviewing and interpreting Ocwen's servicing records, "including those related to the Subject Loan and the property at issue in this action."  He declares that he is the custodian for "these business records" and is "authorized" to execute the Declaration on behalf of Ocwen.

In response to the Order, Mr. Flannigan quotes from "Ocwen's business records."  The following testimony comes from various portions of Ocwen's business records:

A.    Ocwen has been designated the servicer and attorney in fact for

the current owner and holder of the Subject Loan, i.e. the Investor, Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4.

B.    On May 14, 2015 Plaintiffs filed an Adversary Action against OneWest Bank and Ocwen.

C.    Mr. Flannigan explains that Ocwen employs a Managing Counsel program whereby it has designated several law firms throughout the country to handle certain litigation matters that rise to the level of Ocwen's Legal Department. "WFZ" is one of Ocwen's Managing Counsel.

D.    Ocwen does not execute a retainer agreement as to each individual case referral to managing Counsel. Instead, matters are referred to Managing Counsel through referrals that are uploaded into Ocwen's CounselLink case management system.

E.    On August 5, 2015, Ocwen's Legal Department retained WFZ to defend Ocwen and OneWest Bank in the Adversary Action by providing access to the referral via CounselLink case management system and by uploading an e-mail notification directly into the CounselLink case management system. The e-mail was not sent directly to WFZ; rather, it was uploaded into the CounselLink case management system when WFZ was assigned this matter.

F.    WFZ is the designated authorized counsel for Ocwen and OWB in the Adversary Action. Ocwen specifically consents to and authorized WFZ's representation of OneWest Bank and Ocwen in the Adversary Action.

Exhibits

Ocwen attached five Exhibits to the Flannigan Declaration: a court docket, a Deed of Trust, a Service Transfer Letter, a Power of Attorney, and an Ocwen Referral E-mail. Dckt. 57, filed October 16, 2015.

Exhibit 1 is described as a Docket for Bankruptcy Case 09-27153. This document lists the contact information for parties in the Eastern District of California Bankruptcy Case No. 09-27153.

Next, Exhibit 2 is a Deed of Trust dated October 2, 2006, between Gil and Joanne Raposo as joint tenants, IndyMac Bank, F.S.B. as lender, and Old Republic National Title Insurance Company as trustee.  The Deed of Trust secures real property located at 9090 Locust Street, Elk Grove, California.

Attached as Exhibit 3 is a Notice of Servicing Transfer to Ocwen Loan Servicing, LLC, dated November 15, 2013.  The Letter informs Plaintiff-Debtors that "IndyMac Mortgage Services, a division of OneWest Bank, FSB (IndyMac)" transferred the servicing of the Home Equity Line of Credit to Ocwen Loan Servicing, LLC.

Exhibit 4 is a Limited Power of Attorney between Deutsche Bank National Trust Company, as Indenture Trustee, and Ocwen Loan Servicing, LLC, as the Service.  The document allows for Ocwen Loan Servicing, LLC, to perform the following:

This Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

1.  The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is solely for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued; provided that 9i0 said modifications or re-recording, in either instance, does not adversely affect the lien of the mortgage or Deed of Trust as insured and (ii) otherwise conforms to the provisions of the Agreement.

2.  The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

3.  The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4.  The completion of loan assumption agreements.

5.  The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6.  The assignment of any Mortgage or Deed of Trust and the related mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7.  The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8.  The full enforcement of an preservation of the Indenture Trustee's interest in the Mortgage Notes, Mortgages or Deeds of Trust, and in the proceeds thereof, by way of, including but not limited to,

foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or the termination, cancellation or recission of any such foreclosure, the initiation, prosecution and completion of eviction actions or proceedings with respect to, or the termination, cancellation or recission of any such eviction actions or proceedings, and the pursuit of title insurance, hazard insurance and claims in bankruptcy proceedings, including, without limitation, any and all of the following acts:

a.      The substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

b.      The preparation and issuance of statements of breach or non-performance;

c.      The preparation and filing of notices of default and/or notices of sale;

d.      The cancellation/recission of notices of default and/or notices of sale;

e.      The taking of deed in lieu of foreclosure;

f.      The filing, prosecution and defense of claims, and to appear on behalf of the Trustee, in bankruptcy cases affecting Mortgage Notes Mortgages or Deeds of Trust;

g.      The preparation and service of Notices to quit and all other documents necessary to initiate, prosecute and complete eviction actions or proceedings;

h.      The tendering, filing, prosecution and defense, as applicable, of hazard insurance and title insurance claims, including but not limited to appearing on behalf of the Indenture Trustee in quiet title actions; and

i.      The preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a through 8.h. above.

9.      With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:

a.      Listing agreements;

       b.       Purchase and sale agreements;

       c.       Grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

       d.       escrow instructions; and

       e.       any and all documents necessary to effect the transfer of property

10.     The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

Also included as part of Exhibit 4 is a document labeled "Exhibit A," which appears to be page numbered sequentially with the Power of Attorney and referenced on page 6 of the Power of Attorney (which is only a signature page), which states that Deutsche Bank National Trust Company, Trustee, under the below listed agreements, executes the power of attorney:

A.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H2 pursuant to that Sale and Servicing Agreement dated June 19, 2006, between Indymac ABS, Inc. as "Depositor,"  Indymac Bank, F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

B.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H3 pursuant to that Sale and Servicing Agreement dated September 14, 2006 between Indymac ABS, Inc. as "Depositor,"  Indymac Bank, F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

C.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H4 pursuant to that Sale and Servicing Agreement dated December 12, 2006 between Indymac ABS, Inc. as "Depositor,"  Indymac Bank, F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

Finally, Exhibit 5 appears to be an e-mail to T. Robert Finlay and Robin Wright, with "IIP," Dominic, and Gilbertbalaraj Carbon-copied.  The subject is "-Gil Raposo-," with an attachment labeled "Notification - Default Motion/Judgment." The unredacted portion only states "...active matter in CL for which you are managing counsel hence please review and handle as you deem appropriate."  It is signed by Hema Dhapola, a Litigation Analyst in the Law Department of Ocwen

Financial Solutions.

EVIDENCE PRESENTED FOR ONEWEST BANK

Declaration of Rebecca Marks

OneWest Bank concurrently submitted the Declaration of Rebecca Marks in response to the court's Order to Appear on October 15, 2015. Dckt. 51.

Rebecca Marks is the Assistant Vice President for Defendant, CIT Bank, N.A. formerly known as and sued herein as OneWest Bank, FSB. Ms. Marks declares that IMB Holdco, LLC, the parent company of OneWest, recently merged with CIT Group, Inc. As a part of this merger, CIT Bank, a subsidiary of CIT Group, Inc., merged with and into OneWest, which was renamed CIT Bank, N.A.

Ms. Marks provides a brief description regarding the filing of the Chapter 13 by Gil Mariano Raposo and Joanne Carol Raposo on April 16, 2009. Ms. Marks states that as of the date of the filing, OneWest acted as the servicer of the Subject Loan - in the amount of $51,000.00 - made to IndyMac Bank, F.S.B. by Plaintiffs-Debtors, which was secured by a Deed of Trust recorded on the subject property located at 9090 Locust Street, Elk Grove, CA 95624, on October 5, 2006. Ms. Marks further states that OneWest serviced the loan on behalf of Deutsche Bank National Trust Company, as Indentured Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4.

On or about June 13, 2013, OneWest entered into an agreement to sell, transfer, and assign its servicing rights regarding several loans, including the Subject Loan to Defendant, Ocwen Loan Servicing, LLC ("Ocwen") effective December 13, 2013. Ms. Marks states that pursuant to the agreement, Ocwen was authorized to retain counsel to defend OneWest in any litigation concerning the Subject Loan, including the adversary proceeding at issue. That in accordance to the agreement, Ocwen retained the Law Offices of Wright, Finlay and Zak, LLP ("WFZ") to defend Ocwen and OneWest in the adversary action.

Ms. Marks attached the following two documents as Exhibits 1 and 2 to her declaration: 1) a document described as "Docket for Bankruptcy Case 09-27153," which appears to list the interested parties in this matter, as well as a list of dates related to the Bankruptcy Case; and 2) a Deed of Trust.

Exhibits With Rebecca Marks' Declaration

Exhibit 2, in support of Ms. Marks' Declaration, is the Deed of Trust. The Deed of Trust was recorded October 5, 2006, having been executed by Gil H. Raposo and Joanne C. Raposo, for the subject property located at 9090 Locust Street, Elk Grove, CA 95624. The Lender appears as IndyMac Bank, F.S.B., a federally chartered savings bank. The total principal amount secured is in the amount of $51,000.00, to be paid in full by November 15, 2026.

DISCUSSION

     The court first addresses the responses to the supplemental
order filed on September 22, 2015. Dckt. 40.

     As to the issue of Ms. Glowin's September 17, 2015 Declaration
being filed under "information and belief," Ms. Glowin states that she
understands that a declaration under such does not meet the Rule 602,
Federal Rule of Evidence, standard. Ms. Glowin filed the September
17th Declaration "under information and belief as OneWest and Ocwen
were and are the best parties to address the issues raised by the
Court. Dckt. 54. The only explanation provided by Ms. Glowin as to why
such declaration was filed was that there would be a supplemental
declaration from the client and that Ms. Glowin was unable to provide
the court with the requested documentation at the time of the
September Declaration.

     This response seems to be lacking. Ms. Glowin does not provide
explanation as to why such documentation was not available at the time
of the initial filing. The court issued the first order on September
4, 2015, in response to OneWest and Ocwen's failure to reconvey the
deed of trust, failure to respond to the complaint, and failure to
file any opposition to the request for entry of default judgment. As
the alleged counsel for both entities (discussed further infra), Ms.
Glowin does not state why such documentation was not available in the
client file or, as the attorney for the parties, why such information
was readily available.

     As to why WFZ was not able to provide engagement letters or
power of attorney by the September 15th deadline, Ms. Glowin
(instructing the court to reference the declaration filed on behalf of
Ocwen) states that there are no retainer agreements or engagement
letters between Ocwen, OneWest, and WFZ, as Ocwen employs a "Managing
Counsel" program. The effect of this program, as alleged by Ms. Glowin
and Mr. Flannigan on behalf of Ocwen, that no specific retainer
agreement is executed to each individual case referral. Instead,
"matters are referred to Managing Counsel through referrals that are
 The Order to Appear was served by the Clerk of the Court on Gil and
Joanne Raposo ("Plaintiff-Debtor"), Plaintiff-Debtor's attorney,
Nichole Glowin, Peter Cianchetta, Creditor, Trustee, and the Office of
the U.S. Trustee on September 10, 2015.  The court computes that 14
days' notice has been provided.


The Order to Appear to Discharged.


     On September 4, 2015, the court issued an Order to Appear Re
Attorney Representation. Dckt. 29. Specifically, the court ordered the
following:

          In light of the inconsistent statements made by Ocwen Loan
Servicing, LLC in the Plaintiff-Debtor's bankruptcy case, the
inconsistent statements in other bankruptcy cases and failure to
respond to Rule 2004 subpoenas (which issues are being addressed

through a separate order to show cause being issued by the court), the purported counsel for OneWest Bank, FSB and Ocwen Loan Servicing, LLC failing to appear at the August 27, 2015 hearing that they sought to have continued, and good cause appearing;

IT IS ORDERED that the court shall conduct a hearing regarding attorney representation at 1:30 p.m. on September 24, 2015, in Department E of the United States Bankruptcy Court, 501 I Street, Sixth Floor, Sacramento, California.

IT IS FURTHER ORDERED that Nichole L .Glowin, Esq., of Wright, Finlay & Zak, LLP, as the attorney who filed the Stipulation to Continue purportedly for OneWest Bank, FSB and Ocwen Loan Servicing, LLC, and Peter CIanchetta, attorney for Plaintiff-Debtor, shall each appear at the September 24, 2015 hearing.  No telephonic appearances are permitted for any attorneys attending the hearing, including any other attorneys from the Wright, Finlay & Zak, LLP who may choose to appear with Ms. Glowin or "monitor" the hearing.

IT IS FURTHER ORDERED that Nichole L Glowin and Wright Finlay & Zak, LLP shall file on or before September 17, 2015, a written Response, supported by credible, admissible evidence, identifying the representatives of Ocwen Loan Servicing, LLC and the representatives of OneWest Bank, LLC with which they communicated with about serving as attorneys for those respective parties and who the persons were that agreed to engage the services of Wright, Finlay & Zak, LLP to represent Ocwen Loan Servicing, LLC and to represent OneWest Bank, FSB.

IT IS FURTHER ORDERED that Wright Finlay & Zak, LLP shall include with its Response a copy of the fully executed engagement letter with Ocwen Loan Servicing, LLC and the fully executed engagement letter with OneWest Bank, FSB (each redacted as appropriate) for the legal services to be provided to each of the two named defendants in connection with this Adversary Proceeding.  If such engagement was based on a power of attorney being asserted by either Ocwen Loan Servicing, LLC or OneWest Bank, FSB, a copy of that power of attorney shall be included with the Response (redacted as appropriate).

BACKGROUND

In this Adversary Proceeding, Gil Mariano and Joanne Raposo ("Plaintiff-Debtor") sued both OneWest Bank, FSB and Ocwen Loan Servicing, LLC for the failure to reconvey a deed of trust following the completion of the Chapter 13 plan and payment in full of the allowed secured claim for which the deed of trust was collateral. Neither Ocwen Loan Servicing, LLC nor OneWest Bank, FSB responded to the complaint or filed any opposition to entry of the default judgments against each of them.

In Raposo v. Ocwen, et al., the court perceives that the need to sue both Ocwen Loan Servicing, LLC and OneWest Bank, FSB was caused by the documents filed in the Raposo bankruptcy case.  Bankr. E.D. Cal., Case No. 09-27153.  In the Raposo bankruptcy case, Proof of Claim No.

7 was filed on May 27, 2009, by OneWest Bank, FSB.  On September 4,
2015, a Notice of Transfer of Claim was filed stating that the claim
of OneWest Bank, FSB had been transferred to Owen Loan Servicing, LLC.
Case No. 09-27153, Dckt. 96.  No copies of any transfer documents were
attached to the Notice and no amended Proof of Claim No. 7 setting
forth Owen Loan Servicing, LLC standing as a creditor had been filed.
The Certificate of Service for the Notice of Transfer of Claim did not
provide notice to OneWest Bank, FSB that Owen Loan Servicing, LLC
asserted that OneWest Bank, FSB was no longer the creditor and that
Owen Loan Servicing, LLC has obtained all of the rights held by
OneWest Bank, FSB for the debt upon which Proof of Claim No. 7 was
based.  The Notice of Transfer in the Raposo bankruptcy case was
signed by attorney Audrey J. Dixon (Fla. Bar No. 39288), of the
Robertson, Anschutz & Schneid, PL law firm, as the attorney for Ocwen
Loan Servicing, LLC.

     The Plaintiff-Debtor set for hearing two motions for entry of
defaults judgments; one against Ocwen Loan Servicing, LLC and the
other against OneWest Bank, FSB.  The hearings for the two motions
were scheduled for August 27, 2015.  Having provided at least
twenty-eight days notice of the hearing, written oppositions were
required to be filed at least fourteen days prior to August 27, 2015.
Local Bankruptcy Rule ("LBR") 9014-1(f)(1).

     On August 25, 2015, at 4:00 p.m., a Stipulation to Continue
Hearing was filed.  Dckt. 21.  The Stipulation is purported to have
been executed between Plaintiff-Debtor, Ocwen Loan Servicing, LLC, and
OneWest Bank, FSB.  The Stipulation is executed for Ocwen Loan
Servicing, LLC and OneWest Bank, FSB by Nichole L. Glowin, Esq., of
the Wright, Finlay & Zak, LLP law firm.  This would be the first
appearance in the Adversary Proceeding by Ms. Glowin or any attorney
for the Wright, Finlay & Zak, LLP law firm for either Ocwen Loan
Servicing, LLC or OneWest Bank, FSB.

     On the morning of August 27, 2015, when the court became aware
of the Stipulation, the courtroom deputy for Department E called both
Peter Cianchetta, attorney for Plaintiff-Debtor, and Nichole Glowin.
The message was left for both that the matter had not been continued
by the court, as there were some issues for the attorneys to address.
Telephonic appearances were available for both attorneys and the court
pre-notified CourtCall (the telephonic appearance service) that the
court authorized day-of-the-hearing addition of either attorney (or
other attorney from their respective firms).

     When the court called the two motions on the 1:30 p.m. calendar,
Mr. Cianchetta appeared in court.  No appearance was made by Ms.
Glowin or anyone from her firm to address the request to continue the
hearing and the questions of the court.  Mr. Cianchetta stated that he
had spoken with Ms. Glowin about the court not having continued the
hearing based on the Stipulation.

     The court's concerns are stated on the record and available for
Ms. Glowin, the purported counsel for both OneWest Bank, FSB and Ocwen
Loan Servicing, LLC.  The basic issue the court was seeking to address
was whether the Wright, Finlay & Zak, LLP law firm had been engaged by

officers of both OneWest Bank, FSB and Ocwen Loan Servicing, LLC, or whether Ocwen Loan Servicing, LLC had engaged the law firm's services, representing that it had a power or other authorization that allowed it to act for OneWest Bank, FSB.

The court's concerns relate to conduct of Ocwen Loan Servicing, LLC in other cases in which it has misidentified itself as the "creditor," has failed to identify the actual creditor when requested by consumer counsel, and has refused to comply with Bankruptcy Rule 2004 subpoenas.

The fact that counsel purporting to represent Ocwen Loan Servicing, LLC and OneWest Bank, FSB failed to appear at the August 27, 2015 hearing when such counsel had been advised that the court was conducting the hearing raises additional concerns.  Such counsel was seeking to have the hearings continued but was unwilling to attend the hearing to address any questions the court has concerning such a continuance.

The court honored Plaintiff-Debtor counsel's word that Plaintiff-Debtor agreed to continue the hearings.  The hearings have been continued by separate order of the court.

NICHOLE GLOWIN'S RESPONSE

Nichole Glowin ("Glowin"), associate with the Law Offices of Wright, Finlay & Zak, LLP, ("WFZ") filed a response to the instant Order to Appear on September 17, 2015. Dckt. 35.

Glowin declares that WFZ has been retained as counsel of record for Defendants Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("OneWest") on all litigation involving Debtor's primary residence, located at 9090 Locust Street, Elk Grove CA ("Property"); this representation includes Adversary Proceeding No. 15-02095. Dckt. 35 ¶ 1, 9; Dckt. 36, Exhibit 4.  Glowin has been the associate at WFZ responsible for oversight of Adversary Proceeding No. 15-02095 since August 5, 2015. Dckt. 35 ¶ 2; Dckt. 36, Exhibit 4.

Glowin's Declaration asserts that around October 2, 2006, Gil Mariano Raposo and Joanne Carol Raposo ("Debtors") executed a Home Equity Line of Credit ("HELOC") with IndyMac Bank, FSB. Dckt. 35 ¶ 3; Dckt. 36, Exhibit 1.  The HELOC was secured by a second credit priority position Deed of Trust recorded against the Property. Dckt. 35 ¶ 3; Dckt. 36, Exhibit 2.  Further, Glowin asserts that around April 16, 2009, (the time Plaintiff-Debtor filed the Chapter 13 petition) Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H4 ("Investor") owned and held the HELOC and Deed of Trust; OneWest acted as servicer of the HELOC and Deed of Trust on behalf of Investor. Dckt. 35 ¶ 4, 5.  Glowin asserts OneWest transferred its servicing rights to Ocwen; Ocwen sent Debtors a letter dated November 15, 2013 of this transfer. Dckt. 35 ¶ 6; Dckt. 36, Exhibit 3.

Glowin declares that on May 14, 2015, Plaintiff-Debtor filed the Adversary Proceeding No. 15-02095 to compel Defendants, Ocwen and

OneWest, to record a release of the Deed of Trust on the Property because the HELOC and Deed of Trust were allegedly avoided in the bankruptcy case. Dckt. 35 ¶ 7.  This court scheduled a hearing on August 27, 2015, to address the Default Judgment filed by Debtors against Defendants on this issue. Case No. 15-02095, Dckt. 25. Between August 5, 2015, and August 25, 2015, Glowin asserts she spoke with counsel for Plaintiff-Debtor, the Law Offices of Peter Cianchetta, and agreed to continue the hearing to allow Ocwen time to record a release of the Deed of Trust and to allow Ocwen to pay the damages in the Default Motion. Dckt. 35 ¶ 10; Dckt. 36, Exhibits 5, 6.


    On August 27, 2015, Glowin asserts she received the voicemail message from this court informing Glowin the court would not enter the order to continue the Default Motion hearing. Dckt. 35 ¶ 11.  Glowin alleges she was not informed that her presence at the August 27, 2015 hearing was mandatory, nor was she aware that the court had questions on Glowin's role in this action; instead, she requested Cianchetta to appear for all parties to request a continuance due to a pending settlement. Dckt. 35 ¶ 11.

    Glowin states that on September 2, 2015, Ocwen executed a Full Reconveyance regarding the Deed of Trust. Dckt. 36, Exhibit 5 and 6. Glowin asserts that the parties are in the process of completing a full settlement of the Adversary Proceeding No. 15-02095 by addressing the remaining issue of the damages set forth in the Default Motion.

    Additionally, Glowin alleges that this Declaration is only an initial response to the Order to Appear, and that she will file a supplemental declaration with supporting documents as soon as the proof is received. Dckt. 35 ¶ 13.  Glowin asserts she is drafting a stipulation to file to continue the hearing on the Order to Appear by Cianchetta's request.

SEPTEMBER 22, 2015 ORDER

    On September 22, 2015, the court issued on order continuing the instant hearing to 1:30 p.m. on November 19, 2015. Dckt. 40. The court further ordered the following:

        IT IS FURTHER ORDERED that Nichole L Glowin or Wright Finlay & Zak, LLP, shall file Supplemental Documents which include the following:

    A. The legal authority for filing a declaration under penalty of perjury in which the declarant provides testimony "under information and belief." 28 U.S.C. § 1746; Fed. R. Evid.; Fed. R. Evid. 602; Weinstein's Federal Evidence § § 602.02, 602.04.

    B. The reason why Wright Finlay & Zak, LLP was not able to provide the court with copies (redacted as appropriate) of the engagement letter or letters, and any powers of attorney upon which such engagement was based, as counsel for Ocwen Loan Servicing, LLC and OneWest Bank, FSB, and each of them, by the September 14, 2015 deadline set by this court.

C. An explanation of how Exhibit 4 is the basis for the statement (which was not qualified as being merely on information and belief) in the declaration that, "On August 5, 2015, Ocwen retained WFZ to defend Ocwen and OneWest in the Adversary Action." Additionally, why the document filed as Exhibit 4, a purported email, contains no date, when it is common for all emails to contain a date the email was transmitted.

D. An explanation as to how the email provided as Exhibit 4 from an entity identified in the email signature block as "Ocwen Financial Solutions" is submitted as evidence of Ocwen Loan Servicing, LLC and OneWest Bank, FSB, and each of them, having engaged the services of Wright Finlay & Zak, LLP as counsel in this Adversary Proceeding.

E. Copies of the engagement letters (and powers of attorney if any were used for the engagement of counsel) between Ocwen Loan Servicing, LLP and Wright Finlay & Zak, LLP, and OneWest Bank, FSB and Wright Finlay & Zak, LLP (redacted as appropriate).

IT IS FURTHER ORDERED that all Supplemental Pleadings filed by Nicole L. Glowin and Wright, Finlay & Zak, LLP, and each of them, shall be filed and served on or before October 15, 2015.

NICHOLE GLOWIN'S DECLARATION

Nichole L. Glowin filed a Declaration on October 15, 2015 in response to this court's September 4, 2015 Order to Appear.

Ms. Glowin declares that she is an associate of the Law Offices of Wright, Finlay & Zak LLP.  Wright, Finlay & Zak LLP was retained as counsel of record for Defendants Ocwen Loan Servicing, LLC and OneWest Bank, FSB on August 5, 2015, concerning all litigation involving the property located at 9090 Locust Street, Elk Grove, California.  This includes the Adversary Proceeding in Case No. 15-02095, filed on May 14, 2015.

After receiving this court's Order to Appear on September 4, 2015, Ms. Glowin states:

Both OneWest and Ocwen service a large number of loans, and as such, requests for documents and/or declarations often take a few weeks to be returned. Despite my best efforts, I was unable to obtain the documentation, client approval [sic] to produce the documentation and/or a client declaration to substantiate the documentation requested by the Court in order to Appear before the September 17, 2015 deadline.

In lieu of the requested documents, Ms. Glowin states that:

I filed a Declaration on September 17, 2015 under information and belief as a good faith attempt to meet the Court's deadline and to provide preliminary information addressing the concerns of the Court. I understand that a declaration under information and belief does not meet the standard of Federal Rule of Evidence Rule 602 of testimony.

The Sept. Declaration was filed under information and belief as
OneWest and Ocwen were and are the best parties to address the issues
raised by the Court in the Order to Appear.

The court granted Ms. Glowin's Stipulation to Continue, and
further ordered Ms. Glowin to respond to certain concerns on that
September 17, 2015 Declaration.

Ms. Glowin's response is that, in the September 15, 2015
Declaration:

Paragraphs 4 and 5 [of the September 15, 2015 Declaration]
address the issues raised in Paragraphs A and B of the Stipulation
Order and explain why I was unable to provide the Court with its
requested documentation and why I filed the Sept. Declaration under
information and belief.

In addition, Ms. Glowin asserts that the following paragraphs from the
Ocwen and OneWest Declarations, filed concurrently, and certain
exhibits filed with the September 15, 2015 Declaration, address the
concerns of the court listed in the Order to Appear paragraphs C, D,
and E:

A.    Exhibit 4, attached to the September Declaration, contains a copy
of the referral in which Ocwen retained WFZ as counsel for the
Adversary Action;

B.    Paragraph 11 of the Ocwen Declaration states that WFZ was
retained as counsel to defend both Ocwen and OneWest in the Adversary
Action on August 5, 2015;

C.    Exhibit 4, "the referral e-mail," was not sent directly to WFZ
but was instead uploaded into Ocwen's CounselLink case management
system for WFZ to view. Because the referral e-mail was not sent
directly to WFZ, but was instead uploaded into the CounselLink case
management system, no date appears on the referral e-mail;

D.    Paragraph 9 of the Ocwen Declaration states no retainer
agreements or engagement letters exist between Ocwen, OneWest, and
WFZ. Ocwen employs a "Managing Counsel" program and designates several
law firms throughout the country to handle litigation matters that
rise to the level of Ocwen's Legal Department. WFZ is one of Ocwen's
Managing Counsel. Ocwen does not execute a retainer agreement as to
each individual referral to Managing Counsel. Instead, Managing
Counsel receives referrals through Ocwen's CounselLink case management
system;

E.    Exhibit 5 is another copy of the referral email between Ocwen and
WFZ, which Ms. Glowin asserts is evidence of WFZ's authority to
represent both Ocwen and OneWest in the Adversary Proceeding;

F.    Paragraphs 7 and 8 of the OneWest Declaration states that Ocwen
has authority to retain counsel to defend OneWest in litigation
concerning the Property, and OneWest specifically consents to WFZ's
representation in the Adversary Action.

Ms. Glowin describes Ocwen Financial Solutions as an authorized agent of Ocwen Loan Servicing, LLC.

EVIDENCE OF OCWEN LOAN SERVICING, LLC

Ocwen Loan Servicing, LLC, filed a response to this court's September 4, 2015 Order to Appear on October 15, 2015.  Ocwen addresses this court's Order by filing the following documents:

A.    a Declaration from Kevin Flannigan;

B.    the Docket for Bankruptcy Case 09-27153;

C.    a Deed of Trust;

D.    a Service Transfer Letter;

E.    a Power of Attorney; and

F.    an Ocwen Referral E-mail.

Dckt. 56 and 57.

Declaration of Kevin Flannigan

Ocwen filed the Declaration of Kevin Flannigan. Dckt. 56.  Mr. Flannigan declares he is a Senior Loan Analyst of Ocwen Financial Corporation, whose direct subsidiary is Defendant, Ocwen Loan Servicing, LLC.

Mr. Flannigan summarizes his duties as including: reviewing and interpreting Ocwen's servicing records, "including those related to the Subject Loan and the property at issue in this action."  He declares that he is the custodian for "these business records" and is "authorized" to execute the Declaration on behalf of Ocwen.

In response to the Order, Mr. Flannigan quotes from "Ocwen's business records."  The following testimony comes from various portions of Ocwen's business records:

A.    Ocwen has been designated the servicer and attorney in fact for the current owner and holder of the Subject Loan, i.e. the Investor, Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4.

B.    On May 14, 2015 Plaintiffs filed an Adversary Action against OneWest Bank and Ocwen.

C.    Mr. Flannigan explains that Ocwen employs a Managing Counsel program whereby it has designated several law firms throughout the country to handle certain litigation matters that rise to the level of Ocwen's Legal Department. "WFZ" is one of Ocwen's Managing Counsel.

D.    Ocwen does not execute a retainer agreement as to each individual case referral to managing Counsel. Instead, matters are referred to

Managing Counsel through referrals that are uploaded into Ocwen's
CounselLink case management system.

E.    On August 5, 2015, Ocwen's Legal Department retained WFZ to
defend Ocwen and OneWest Bank in the Adversary Action by providing
access to the referral via CounselLink case management system and by
uploading an e-mail notification directly into the CounselLink case
management system. The e-mail was not sent directly to WFZ; rather, it
was uploaded into the CounselLink case management system when WFZ was
assigned this matter.

F.    WFZ is the designated authorized counsel for Ocwen and OWB in the
Adversary Action. Ocwen specifically consents to and authorized WFZ's
representation of OneWest Bank and Ocwen in the Adversary Action.

Exhibits

       Ocwen attached five Exhibits to the Flannigan Declaration: a
court docket, a Deed of Trust, a Service Transfer Letter, a Power of
Attorney, and an Ocwen Referral E-mail. Dckt. 57, filed October 16,
2015.

       Exhibit 1 is described as a Docket for Bankruptcy Case 09-27153.
This document lists the contact information for parties in the Eastern
District of California Bankruptcy Case No. 09-27153.

       Next, Exhibit 2 is a Deed of Trust dated October 2, 2006,
between Gil and Joanne Raposo as joint tenants, IndyMac Bank, F.S.B.
as lender, and Old Republic National Title Insurance Company as
trustee.  The Deed of Trust secures real property located at 9090
Locust Street, Elk Grove, California.

       Attached as Exhibit 3 is a Notice of Servicing Transfer to Ocwen
Loan Servicing, LLC, dated November 15, 2013.  The Letter informs
Plaintiff-Debtors that "IndyMac Mortgage Services, a division of
OneWest Bank, FSB (IndyMac)" transferred the servicing of the Home
Equity Line of Credit to Ocwen Loan Servicing, LLC.

       Exhibit 4 is a Limited Power of Attorney between Deutsche Bank
National Trust Company, as Indenture Trustee, and Ocwen Loan
Servicing, LLC, as the Service.  The document allows for Ocwen Loan
Servicing, LLC, to perform the following:

       This Appointment shall apply only to the following enumerated
transactions and nothing herein or in the Agreement shall be construed
to the contrary:

       1.    The modification or re-recording of a Mortgage or Deed of
Trust, where said modification or re-recording is solely for the
purpose of correcting the Mortgage or Deed of Trust to conform same to
the original intent of the parties thereto or to correct title errors
discovered after such title insurance was issued; provided that 9i0
said modifications or re-recording, in either instance, does not
adversely affect the lien of the mortgage or Deed of Trust as insured
and (ii) otherwise conforms to the provisions of the Agreement.

2.    The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

3.    The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4.    The completion of loan assumption agreements.

5.    The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6.    The assignment of any Mortgage or Deed of Trust and the related mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7.    The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8.    The full enforcement of an preservation of the Indenture Trustee's interest in the Mortgage Notes, Mortgages or Deeds of Trust, and in the proceeds thereof, by way of, including but not limited to, foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or the termination, cancellation or recission of any such foreclosure, the initiation, prosecution and completion of eviction actions or proceedings with respect to, or the termination, cancellation or recission of any such eviction actions or proceedings, and the pursuit of title insurance, hazard insurance and claims in bankruptcy proceedings, including, without limitation, any and all of the following acts:

        a.    The substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

        b.    The preparation and issuance of statements of breach or non-performance;

        c.    The preparation and filing of notices of default and/or notices of sale;

        d.    The cancellation/recission of notices of default and/or notices of sale;

        e.    The taking of deed in lieu of foreclosure;

        f.    The filing, prosecution and defense of claims, and to appear on behalf of the Trustee, in bankruptcy cases affecting

Mortgage Notes Mortgages or Deeds of Trust;

        g.    The preparation and service of Notices to quit and all other documents necessary to initiate, prosecute and complete eviction actions or proceedings;

        h.    The tendering, filing, prosecution and defense, as applicable, of hazard insurance and title insurance claims, including but not limited to appearing on behalf of the Indenture Trustee in quiet title actions; and

        i.    The preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a through 8.h. above.

    9.    With respect to the sale of property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation, the execution of the following documentation:

        a.    Listing agreements;

        b.    Purchase and sale agreements;

        c.    Grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

        d.    escrow instructions; and

        e.    any and all documents necessary to effect the transfer of property

    10.    The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property.

    Also included as part of Exhibit 4 is a document labeled "Exhibit A," which appears to be page numbered sequentially with the Power of Attorney and referenced on page 6 of the Power of Attorney (which is only a signature page), which states that Deutsche Bank National Trust Company, Trustee, under the below listed agreements, executes the power of attorney:

A.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H2 pursuant to that Sale and Servicing Agreement dated June 19, 2006, between Indymac ABS, Inc. as "Depositor,"  Indymac Bank, F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

B.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H3 pursuant to that Sale and Servicing Agreement dated September 14, 2006 between Indymac ABS, Inc. as "Depositor,"  Indymac Bank,

F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

C.    Indymac Home Equity Mortgage Loan Asset-Back Trust, Series 2006-H4 pursuant to that Sale and Servicing Agreement dated December 12, 2006 between Indymac ABS, Inc. as "Depositor," Indymac Bank, F.S.B. as "Seller and Servicer," Ocwen Loan Servicing, LLC as "Successor Servicer" to One West Bank, N.A. as "Successor Servicer" to IndyMac Bank, FSB as "Master Servicer," and Deutsche Bank National Trust Company as "Indenture Trustee;"

Finally, Exhibit 5 appears to be an e-mail to T. Robert Finlay and Robin Wright, with "IIP," Dominic, and Gilbertbalaraj Carbon-copied. The subject is "-Gil Raposo-," with an attachment labeled "Notification - Default Motion/Judgment." The unredacted portion only states "...active matter in CL for which you are managing counsel hence please review and handle as you deem appropriate." It is signed by Hema Dhapola, a Litigation Analyst in the Law Department of Ocwen Financial Solutions.

EVIDENCE PRESENTED FOR ONEWEST BANK

Declaration of Rebecca Marks

OneWest Bank concurrently submitted the Declaration of Rebecca Marks in response to the court's Order to Appear on October 15, 2015. Dckt. 51.

Rebecca Marks is the Assistant Vice President for Defendant, CIT Bank, N.A. formerly known as and sued herein as OneWest Bank, FSB. Ms. Marks declares that IMB Holdco, LLC, the parent company of OneWest, recently merged with CIT Group, Inc. As a part of this merger, CIT Bank, a subsidiary of CIT Group, Inc., merged with and into OneWest, which was renamed CIT Bank, N.A.

Ms. Marks provides a brief description regarding the filing of the Chapter 13 by Gil Mariano Raposo and Joanne Carol Raposo on April 16, 2009. Ms. Marks states that as of the date of the filing, OneWest acted as the servicer of the Subject Loan - in the amount of $51,000.00 - made to IndyMac Bank, F.S.B. by Plaintiffs-Debtors, which was secured by a Deed of Trust recorded on the subject property located at 9090 Locust Street, Elk Grove, CA 95624, on October 5, 2006. Ms. Marks further states that OneWest serviced the loan on behalf of Deutsche Bank National Trust Company, as Indentured Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4.

On or about June 13, 2013, OneWest entered into an agreement to sell, transfer, and assign its servicing rights regarding several loans, including the Subject Loan to Defendant, Ocwen Loan Servicing, LLC ("Ocwen") effective December 13, 2013. Ms. Marks states that pursuant to the agreement, Ocwen was authorized to retain counsel to defend OneWest in any litigation concerning the Subject Loan,

including the adversary proceeding at issue. That in accordance to the agreement, Ocwen retained the Law Offices of Wright, Finlay and Zak, LLP ("WFZ") to defend Ocwen and OneWest in the adversary action.

Ms. Marks attached the following two documents as Exhibits 1 and 2 to her declaration: 1) a document described as "Docket for Bankruptcy Case 09-27153," which appears to list the interested parties in this matter, as well as a list of dates related to the Bankruptcy Case; and 2) a Deed of Trust.

Exhibits With Rebecca Marks' Declaration

Exhibit 2, in support of Ms. Marks' Declaration, is the Deed of Trust. The Deed of Trust was recorded October 5, 2006, having been executed by Gil H. Raposo and Joanne C. Raposo, for the subject property located at 9090 Locust Street, Elk Grove, CA 95624. The Lender appears as IndyMac Bank, F.S.B., a federally chartered savings bank. The total principal amount secured is in the amount of $51,000.00, to be paid in full by November 15, 2026.

DISCUSSION

The court first addresses the responses to the supplemental order filed on September 22, 2015. Dckt. 40.

As to the issue of Ms. Glowin's September 17, 2015 Declaration being filed under "information and belief," Ms. Glowin states that she understands that a declaration under such does not meet the Rule 602, Federal Rule of Evidence, standard. Ms. Glowin filed the September 17th Declaration "under information and belief as OneWest and Ocwen were and are the best parties to address the issues raised by the Court. Dckt. 54. The only explanation provided by Ms. Glowin as to why such declaration was filed was that there would be a supplemental declaration from the client and that Ms. Glowin was unable to provide the court with the requested documentation at the time of the September Declaration.

This response seems to be lacking. Ms. Glowin does not provide explanation as to why such documentation was not available at the time of the initial filing. The court issued the first order on September 4, 2015, in response to OneWest and Ocwen's failure to reconvey the deed of trust, failure to respond to the complaint, and failure to file any opposition to the request for entry of default judgment. As the alleged counsel for both entities (discussed further infra), Ms. Glowin does not state why such documentation was not available in the client file or, as the attorney for the parties, why such information was readily available.

As to why WFZ was not able to provide engagement letters or power of attorney by the September 15th deadline, Ms. Glowin (instructing the court to reference the declaration filed on behalf of Ocwen) states that there are no retainer agreements or engagement letters between Ocwen, OneWest, and WFZ, as Ocwen employs a "Managing Counsel" program. The effect of this program, as alleged by Ms. Glowin and Mr. Flannigan on behalf of Ocwen, that no specific retainer

agreement is executed to each individual case referral. Instead, "matters are referred to Managing Counsel through referrals that are uploaded into Ocwen's CounselLink case management system." Dckt. 56, ¶ 10. Mr. Flannigan then refers to the same e-mail sent from "Hema Dhapola, Litigation Analyst, Law Dept, Ocwen Financial Solutions" as the basis for the authority. Dckt. 57, Exhibit 5. Mr. Flannigan's declaration states:

Ocwen's business records reflect that on August 5, 2015, Ocwen's Legal Department retained WFZ to defend Ocwen and OWB in the Adversary Action by providing access to the referral via CounselLink case management system and by uploading an e-mail notification directly into the CounselLink case management system. The e-mail was not sent directly to WFZ; rather it was uploaded into the CounselLink case management system when WEZ was assigned this matter.

Dckt. 56, ¶ 11.

However, instead of providing the court with information as to how CounselLink creates a fiduciary relationship between attorney and client, Ocwen and Ms. Glowin seem to rely solely on the fact that CounselLink assigns it and, even without any retainer or employment agreement, WFZ is the attorney of record as to the instant matter. This is once again insufficient.

In response to the reason why the signature block of Ms. Dhapola's email states the entity is "Ocwen Financial Services," Ms. Glowin states that "Ocwen Financial Solutions is an authorized agent of Ocwen Loan Servicing, LLC." Mr. Flannigan merely states that "Ocwen's business records reflect that WFZ is the designated authorized counsel for Ocwen and OWB in the Adversary Action. Ocwen specifically consents to and authorized WFZ's representation of OWB and Ocwen in the Adversary Action." Dckt. 56, ¶ 12.

However, Ms. Glowin nor Mr. Flannigan provides any actual authorization of such.

Ms. Marks' response on behalf of CIT Bank, N.A. formerly known as OneWest Bank, FSB does not fair any better. In regards to representation, it appears that CIT Bank, retroactively, is attempting to authorize the employment of WFZ. Specifically, Ms. Marks' response states:

7. On or about June 13, 2013, ONEWEST entered into an agreement ("Agreement") to sell, transfer and assign its servicing rights regarding several loans, including the Subject Loan herein, to Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN") effective December 1, 2013. Pursuant to the Agreement, OCWEN was and is authorized to retain counsel to defend ONEWEST in any litigation concerning the Subject Loan, including the above-referenced adversary proceeding filed May 14, 2015. . .

8. Pursuant to the above-referenced Agreement, OCWEN retained the Law Offices of Wright, Finlay and Zak, LLP ("WFZ") to defend OCWEN and ONEWEST in the Adversary Action. ONEWEST specifically consents to

and authorizes WFZ's representation of ONEWEST in the Adversary Action.

Dckt. 51. However, no such "Agreement" is attached to Ms. Marks' response.

Furthermore, the court's reading of the email, as indicated in the court's subsequent order on September 22, 2015, the email alone from Ms. Dhapola does not provide any indication of the retention of WFZ.

As to the powers of attorney between Ocwen Loan Servicing, LLP and Wright Finlay & Zak, LLP and OneWest Bank, FSB and Wright Finlay & Zak, LLP, the court is once again left lacking sufficient information. A review of all the documentation filed by responding parties, there is only one exhibit titled "Limited Power of Attorney." Dckt. 57, Exhibit 4. This Limited Power of Attorney is between " Deutsche Bank National Trust Company. . . as Indentured Trustee. . . by and between Indentured Trustee and OCWEN LOAN SERVICING, LLC." Id. This appears to be the first time that Deutsche Bank National Trust Company has been indicated as a party in the transaction at all.

The Deed of Trust is between "Gil H. Raposo and Janne C. Raposo, husband and wife, as joint tenants" and "IndyMac Bank, F.S.B." as lender. Exhibit 2, Dckt. 57.

Mr. Marks' declaration states that "ONEWEST serviced the loan on behalf of Deutsche Bank National Trust Company, as Indentured Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trustee, Series 2006-H4." Dckt. 51, ¶ 6. However, there is no evidence provided showing that Deutsche Bank National Trust Company is the Indenture Trustee.

Mr. Flannigan's declaration states that:

Ocwen's business records reflect that as of the date of the filing of the Bankruptcy Action, on or about April 16, 2009, Defendant ONEWEST BANK, FSB ("OWB") acted as the servicer of the Subject Loan for Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4. . . .which is a loan in the amount of $51,000.00 made to Indymac Bank, FSB by Plaintiffs. . .and was secured by a Deed of Trust.

Dckt. 56, ¶ 5.

Mr. Flannigan's declaration includes a copy of a letter sent to Plaintiff-Debtor on November 15, 2013. This letter states:

Effective 12/01/2013, IndyMac Mortgage Services, a division of OneWest Bank, FSB (IndyMac) will transfer the servicing of your Home Equity Line of Credit (HELOC) to Ocwen Loan Servicing, LLC (Ocwen).

Exhibit 3, Dckt. 57.

There is no transfer of the Deed of Trust from IndyMac Bank,

F.S.B. to Deutsche Bank National Trust Company. Much like the court's other issues with the instant case, there appears to be a "hiding the ball." None of the responding parties address why, since May 14, 2015, this is the first time that the responding parties have indicated Deutsche Bank National Trust Company as the Trustee and holder of the Note.

Taking the representation that the actual creditor is Deutsche Bank National Trust Company, as Indentured Trustee, is true, the Transfer of Claim filed on September 4, 2014 (09-27153, Dckt. 96) appears to be inaccurate (though stated under penalty of perjury). It states that the claim has been assigned from OneWest Bank, FSB (which is now acknowledged to only have been a servicer) to Ocwen Loan Servicing, LLC (which now asserts to be a servicer, not the owner of the claim). It is Deutsche Bank National Trust Company, Indentured Trustee, who is identified as the actual creditor.

The court is further concerned that on August 25, 2015, Ms. Glowin and WFZ represented to this court that said attorney and law firm represented an entity which did not exist – OneWest Bank, FSB. Stipulation, Dckt. 21. Ms. Marks testifies that on August 3, 2015, OneWest Bank, FSB and CIT Bank, N.A. were merged into one entity, with the surviving entity being CIT Bank, N.A. Declaration ¶ 1, Dckt. 51. Thus, the representation by counsel and WFZ on August 25, 2015 (Dckt. 21), and then continuing on the subsequent pleadings that there is an person identified as OneWest Bank, FSB appearing in this Adversary Proceeding. (The latest filed on October 15, 2015, stating that counsel and WFZ represent "OneWest Bank, FSB;" Dckt. 57.) No such entity exists.

At the hearing, the court addressed with counsel and WFZ the issues relating to who and how they have a "client." Further, based on the explanation that the improper conduct, if any, was by Ocwen Loan Servicing, LLC, and it had a duty to defend "OneWest Bank, FSB," it appears that counsel could have a conflict which has not been waived. Further, the court is concerned that Ocwen Loan Servicing, LLC has retained counsel, who has not communicated with "OneWest Bank, FSB," and takes action only for and on behalf of Ocwen Loan Servicing, LLC. There was no showing that any entity other than Ocwen Loan Servicing, LLC was the actual client until there is the belated acknowledgment from Ms. Marks at CIT Bank, N.A. prospectively.

The court discharges the Order to Appear. Though not completely satisfactory, the responses of Ms. Glowin and WFZ, the changing conduct of Ocwen Loan Servicing, LLC, indicate that they are addressing the court's concerns. Further hearings in connection with this Order to Appear would only distract these persons from further improvements.

uploaded into Ocwen's CounselLink case management system." Dckt. 56, ¶ 10. Mr. Flannigan then refers to the same e-mail sent from "Hema Dhapola, Litigation Analyst, Law Dept, Ocwen Financial Solutions" as the basis for the authority. Dckt. 57, Exhibit 5. Mr. Flannigan's declaration states:

Ocwen's business records reflect that on August 5, 2015, Ocwen's Legal Department retained WFZ to defend Ocwen and OWB in the Adversary Action by providing access to the referral via CounselLink case management system and by uploading an e-mail notification directly into the CounselLink case management system. The e-mail was not sent directly to WFZ; rather it was uploaded into the CounselLink case management system when WEZ was assigned this matter.

Dckt. 56, ¶ 11.

However, instead of providing the court with information as to how CounselLink creates a fiduciary relationship between attorney and client, Ocwen and Ms. Glowin seem to rely solely on the fact that CounselLink assigns it and, even without any retainer or employment agreement, WFZ is the attorney of record as to the instant matter. This is once again insufficient.

In response to the reason why the signature block of Ms. Dhapola's email states the entity is "Ocwen Financial Services," Ms. Glowin states that "Ocwen Financial Solutions is an authorized agent of Ocwen Loan Servicing, LLC." Mr. Flannigan merely states that "Ocwen's business records reflect that WFZ is the designated authorized counsel for Ocwen and OWB in the Adversary Action. Ocwen specifically consents to and authorized WFZ's representation of OWB and Ocwen in the Adversary Action." Dckt. 56, ¶ 12.

However, Ms. Glowin nor Mr. Flannigan provides any actual authorization of such.

Ms. Marks' response on behalf of CIT Bank, N.A. formerly known as OneWest Bank, FSB does not fair any better. In regards to representation, it appears that CIT Bank, retroactively, is attempting to authorize the employment of WFZ. Specifically, Ms. Marks' response states:

7.    On or about June 13, 2013, ONEWEST entered into an agreement ("Agreement") to sell, transfer and assign its servicing rights regarding several loans, including the Subject Loan herein, to Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN") effective December 1, 2013. Pursuant to the Agreement, OCWEN was and is authorized to retain counsel to defend ONEWEST in any litigation concerning the Subject Loan, including the above-referenced adversary proceeding filed May 14, 2015. . .

8.    Pursuant to the above-referenced Agreement, OCWEN retained the Law Offices of Wright, Finlay and Zak, LLP ("WFZ") to defend OCWEN and ONEWEST in the Adversary Action. ONEWEST specifically consents to and authorizes WFZ's representation of ONEWEST in the Adversary Action.

Dckt. 51. However, no such "Agreement" is attached to Ms. Marks'

response.

Furthermore, the court's reading of the email, as indicated in the court's subsequent order on September 22, 2015, the email alone from Ms. Dhapola does not provide any indication of the retention of WFZ.

As to the powers of attorney between Ocwen Loan Servicing, LLP and Wright Finlay & Zak, LLP and OneWest Bank, FSB and Wright Finlay & Zak, LLP, the court is once again left lacking sufficient information. A review of all the documentation filed by responding parties, there is only one exhibit titled "Limited Power of Attorney." Dckt. 57, Exhibit 4. This Limited Power of Attorney is between " Deutsche Bank National Trust Company. . . as Indentured Trustee. . . by and between Indentured Trustee and OCWEN LOAN SERVICING, LLC." Id. This appears to be the first time that Deutsche Bank National Trust Company has been indicated as a party in the transaction at all.

The Deed of Trust is between "Gil H. Raposo and Janne C. Raposo, husband and wife, as joint tenants" and "IndyMac Bank, F.S.B." as lender. Exhibit 2, Dckt. 57.

Mr. Marks' declaration states that "ONEWEST serviced the loan on behalf of Deutsche Bank National Trust Company, as Indentured Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trustee, Series 2006-H4." Dckt. 51, ¶ 6. However, there is no evidence provided showing that Deutsche Bank National Trust Company is the Indenture Trustee.

Mr. Flannigan's declaration states that:

Ocwen's business records reflect that as of the date of the filing of the Bankruptcy Action, on or about April 16, 2009, Defendant ONEWEST BANK, FSB ("OWB") acted as the servicer of the Subject Loan for Deutsche Bank National Trust Company, as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset-Backed Trust, Series 2006-H4. . .which is a loan in the amount of $51,000.00 made to Indymac Bank, FSB by Plaintiffs. . .and was secured by a Deed of Trust.

Dckt. 56, ¶ 5.

Mr. Flannigan's declaration includes a copy of a letter sent to Plaintiff-Debtor on November 15, 2013. This letter states:

Effective 12/01/2013, IndyMac Mortgage Services, a division of OneWest Bank, FSB (IndyMac) will transfer the servicing of your Home Equity Line of Credit (HELOC) to Ocwen Loan Servicing, LLC (Ocwen).

Exhibit 3, Dckt. 57.

There is no transfer of the Deed of Trust from IndyMac Bank, F.S.B. to Deutsche Bank National Trust Company. Much like the court's other issues with the instant case, there appears to be a "hiding the

ball." None of the responding parties address why, since May 14, 2015, this is the first time that the responding parties have indicated Deutsche Bank National Trust Company as the Trustee and holder of the Note.

Taking the representation that the actual creditor is Deutsche Bank National Trust Company, as Indentured Trustee, is true, the Transfer of Claim filed on September 4, 2014 (09-27153, Dckt. 96) appears to be inaccurate (though stated under penalty of perjury). It states that the claim has been assigned from OneWest Bank, FSB (which is now acknowledged to only have been a servicer) to Ocwen Loan Servicing, LLC (which now asserts to be a servicer, not the owner of the claim). It is Deutsche Bank National Trust Company, Indentured Trustee, who is identified as the actual creditor.

The court is further concerned that on August 25, 2015, Ms. Glowin and WFZ represented to this court that said attorney and law firm represented an entity which did not exist – OneWest Bank, FSB. Stipulation, Dckt. 21. Ms. Marks testifies that on August 3, 2015, OneWest Bank, FSB and CIT Bank, N.A. were merged into one entity, with the surviving entity being CIT Bank, N.A. Declaration ¶ 1, Dckt. 51. Thus, the representation by counsel and WFZ on August 25, 2015 (Dckt. 21), and then continuing on the subsequent pleadings that there is an person identified as OneWest Bank, FSB appearing in this Adversary Proceeding. (The latest filed on October 15, 2015, stating that counsel and WFZ represent "OneWest Bank, FSB;" Dckt. 57.) No such entity exists.

At the hearing, the court addressed with counsel and WFZ the issues relating to who and how they have a "client." Further, based on the explanation that the improper conduct, if any, was by Ocwen Loan Servicing, LLC, and it had a duty to defend "OneWest Bank, FSB," it appears that counsel could have a conflict which has not been waived. Further, the court is concerned that Ocwen Loan Servicing, LLC has retained counsel, who has not communicated with "OneWest Bank, FSB," and takes action only for and on behalf of Ocwen Loan Servicing, LLC. There was no showing that any entity other than Ocwen Loan Servicing, LLC was the actual client until there is the belated acknowledgment from Ms. Marks at CIT Bank, N.A. prospectively.

The court discharges the Order to Appear. Though not completely satisfactory, the responses of Ms. Glowin and WFZ, the changing conduct of Ocwen Loan Servicing, LLC, indicate that they are addressing the court's concerns. Further hearings in connection with this Order to Appear would only distract these persons from further improvements.