WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
nglowin@wrightlegal.net

Attorneys' for Defendants, OCWEN LOAN SERVICING, LLC, CIT BANK, N.A. formerly known as ONEWEST BANK, FSB *erroneously sued herein as* CIT BANK N.A., the successor to ONEWEST BANK, FSB and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>Debtors.<br>_____<br>GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC; CIT BANK N.A., the successor to ONEWEST BANK, FSB and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4<br><br>Defendants. | Chapter: 13<br><br>BK Case No.: 09-27153<br>Adv. Case No.: 15-02095<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DECLATORY RELIEF TO VOID LIEN PURSUANT TO 11 U.S.C. § 506(a); RELATED STATED CAUSES OF ACTION; AND DETERMINATION OF DISCHARGEABILITY OF DEBT UNDER FRBP § 4007** |

    Defendants, OCWEN LOAN SERVICING, LLC ("Ocwen"), CIT BANK, N.A. formerly known as ONEWEST BANK, FSB *erroneously sued herein as* CIT BANK N.A., the

---
1
**ANSWER TO FIRST AMENDED COMPLAINT**

successor to ONEWEST BANK, FSB ("OneWest") and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4 ("Deutsche") (hereinafter collectively referred to as "Defendants"), hereby answer the First Amended Complaint ("Complaint") of Plaintiffs GIL MARIANO RAPOSO and JOANNE CAROL RAPOSO (hereinafter collectively referred to as "Plaintiffs") as follows:

## PARTIES

1. Defendants admit that Plaintiffs are the Debtors in Bankruptcy Case No. 09-27153 and that Plaintiffs list their primary residence as 9090 Locust Street, Elk Grove, CA 95624. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 1 and therefore deny each and every remaining allegation contained in Paragraph 1.

2. Defendants admit Paragraph 2 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit Paragraph 3 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit Paragraph 4 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTIONAL ALLEGATIONS

5. Defendants admit that Plaintiffs were granted a discharge in Bankruptcy Case No. 09-27153 on November 3, 2014. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations and legal conclusions contained in Paragraph 5 and therefore deny each and every remaining allegation contained in Paragraph 5.

6. Defendants deny that this is a core-proceeding and therefore do not consent to

1  final orders or judgments by this Court. Except as denied herein, Defendants lack sufficient
2  information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in
3  paragraph 6 of the Complaint, and on that basis deny each and every allegation contained in
4  paragraph 6.

5  　　　7.　　Defendants deny that this is a core-proceeding and therefore do not consent to
6  final orders or judgments by this Court. Except as denied herein, Defendants are without
7  knowledge or information sufficient to admit or deny the truth of the remaining allegations and
8  legal conclusions contained in Paragraph 7 and therefore deny each and every remaining
9  allegation contained in Paragraph 7.

10  　　　8.　　Defendants lack sufficient information and are therefore unable to admit or
11  deny Plaintiffs' legal conclusions contained in paragraph 8 of the Complaint, and on that basis
12  deny each and every allegation contained in paragraph 8.

13  　　　9.　　Defendants are unable to admit or deny the allegations regarding Plaintiffs'
14  consent to this Court rendering a final judgment in this matter.

15  　　　10.　　Paragraph 10 of the Complaint states a legal conclusion for which no response
16  is required.

### **FACTUAL ALLEGATIONS**

18  　　　11.　　Defendants admit Paragraph 11 of the Complaint only to the extent the
19  information contained therein is confirmed by documentation found in public record;
20  otherwise, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

21  　　　12.　　Defendants are without knowledge or information sufficient to admit or deny
22  the truth of the allegations contained in Paragraph 12 and therefore deny each and every
23  allegation contained in Paragraph 12.

24  　　　13.　　Defendants admit the allegations contained in Paragraph 13 of the Complaint.

25  　　　14.　　Defendants admit that Plaintiffs obtained an order valuing the subject property
26  at issue herein. Except as admitted herein, Defendants are without knowledge or information
27  sufficient to admit or deny the truth of the remaining allegations and legal conclusions

contained in Paragraph 14 and, therefore, deny each and every remaining allegation contained in Paragraph 14.

15. Defendants admit that Plaintiffs' Chapter 13 Plan filed in Bankruptcy Case No. 09-27153, is attached as Exhibit A to the Complaint.

16. Defendants admit that the Order Confirming Plaintiffs' Chapter 13 Plan entered in Bankruptcy Case No. 09-27153, is attached as Exhibit B to the Complaint.

17. Defendants admit that the Order Valuing Collateral entered in Plaintiffs Bankruptcy Case No. 09-27153, is attached as Exhibits C to the Complaint. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 17 and therefore deny each and every remaining allegation contained in Paragraph 17.

18. Defendants admit Paragraph 18 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that Defendant Ocwen is the current servicer of the of the second trust deed secured by the property at issue herein. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 19 and therefore deny each and every remaining allegation contained in Paragraph 19.

20. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 20 of the Complaint, and on that basis deny each and every allegation contained in paragraph 20.

21. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 21 and, therefore, deny each and every allegation contained in Paragraph 21.

22. Defendants admit that the Discharge Order entered in Plaintiffs' Bankruptcy Case No. 09-27153, is attached as Exhibit F to the Complaint..

23. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 23 of the Complaint, and on that basis deny each and every allegation contained in paragraph 23.

24. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 24 of the Complaint, and on that basis deny each and every allegation contained in paragraph 24.

25. Defendants admit Paragraph 25 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

## I. FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF/QUIET TITLE

26. Defendants repeat and re-allege each response to paragraphs 1 through 25, inclusive, of this Answer and incorporate the same as though set forth fully herein.

27. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 27 of the Complaint, and on that basis deny each and every allegation contained in paragraph 27.

28. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 28 of the Complaint, and on that basis deny each and every allegation contained in paragraph 28.

29. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 29 of the Complaint, and on that basis deny each and every allegation contained in paragraph 29.

30. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 30 of the Complaint, and on that basis deny each and every allegation contained in paragraph 30.

31. Defendants admit that the statutes set forth in Paragraph 31 of the Complaint speak for themselves and that Plaintiffs did confirm a Chapter 13 Plan in Bankruptcy Case No. 09-27153. Except as admitted herein, Defendants are without knowledge or information

sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 31 and therefore deny each and every remaining allegation contained in Paragraph 31.

32. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 32 of the Complaint, and on that basis deny each and every allegation contained in paragraph 32.

33. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 33 of the Complaint, and on that basis deny each and every allegation contained in paragraph 33.

34. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 34 and therefore deny each and every allegation contained in Paragraph 34.

35. Defendants admit that Ocwen recorded a reconveyance of second trust deed secured by the property at issue herein on behalf of its investor, Defendant Deutsche, in September of 2015. Except as admitted herein, Defendants deny each and every remaining allegation contained in Paragraph 35.

36. Defendants admit Paragraph 36 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 37 of the Complaint, and on that basis deny each and every allegation contained in paragraph 37.

38. Defendants admit that the allegations regarding the relief Plaintiff is seeking from this Court to void the second deed of trust on the property at issue herein speak for themselves. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 38 and therefore deny each and every remaining allegation contained in Paragraph 38.

39. Defendants admit that the allegations regarding the relief Plaintiff is seeking from this Court to void the second deed of trust on the property at issue herein speak for

themselves. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations and legal conclusions contained in Paragraph 39 and therefore deny each and every remaining allegation contained in Paragraph 39.

40. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 40 of the Complaint, and on that basis deny each and every allegation contained in paragraph 40.

41. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 41 of the Complaint, and on that basis deny each and every allegation contained in paragraph 41.

## II. SECOND CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2941(d)

42. Defendants repeat and re-allege each response to paragraphs 1 through 41, inclusive, of this Answer and incorporate the same as though set forth fully herein.

43. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 43 and therefore deny each and every allegation contained in Paragraph 43.

44. Defendants admit Paragraph 44 of the Complaint only to the extent the information contained therein is confirmed by documentation found in public record; otherwise, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 45 and therefore deny each and every allegation contained in Paragraph 45.

46. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 43 and therefore deny each and every allegation contained in Paragraph 43.

47. Defendants deny each and every allegation contained in Paragraph 47 of the Complaint.

1　　　　48.　Defendants deny each and every allegation contained in Paragraph 48 of the
2　Complaint.
3　　　　49.　Defendants lack sufficient information and are therefore unable to admit or
4　deny Plaintiffs' legal conclusions contained in paragraph 49 of the Complaint, and on that
5　basis deny each and every allegation contained in paragraph 49.
6　　　　50.　Defendants lack sufficient information and are therefore unable to admit or
7　deny Plaintiffs' legal conclusions contained in paragraph 50 of the Complaint, and on that
8　basis deny each and every allegation contained in paragraph 50.
9　　　　51.　Defendants deny each and every allegation contained in Paragraph 51 of the
10　Complaint.
11　　　　52.　Defendants are without knowledge or information sufficient to admit or deny
12　the truth of the allegations contained in Paragraph 52 and therefore deny each and every
13　allegation contained in Paragraph 52.
14　　　　53.　Defendants lack sufficient information and are therefore unable to admit or
15　deny Plaintiffs' legal conclusions contained in paragraph 53 of the Complaint, and on that
16　basis deny each and every allegation contained in paragraph 53.
17　　　　54.　Defendants lack sufficient information and are therefore unable to admit or
18　deny Plaintiffs' legal conclusions contained in paragraph 54 of the Complaint, and on that
19　basis deny each and every allegation contained in paragraph 54.
20　　　　55.　Defendants admit that the statutes set forth in Paragraph 55 of the Complaint
21　speak for themselves. Except as admitted herein, Defendants are without knowledge or
22　information sufficient to admit or deny the truth of the remaining allegations contained in
23　Paragraph 55 and therefore deny each and every remaining allegation contained in Paragraph
24　55.
25　　　　56.　Defendants admit that the allegations regarding the relief Plaintiff is seeking
26　from this Court regarding damages and attorney's fees speak for themselves. Except as
27　admitted herein, Defendants are without knowledge or information sufficient to admit or deny
28

the truth of the remaining allegations and legal conclusions contained in Paragraph 56 and therefore deny each and every remaining allegation contained in Paragraph 56.

### III. THIRD CLAIM FOR RELIEF
### (Unfair Practices under California Business &Professions Code Section 17200, et.seq.)
### (AS TO OCWEN LOAN SERVICING ONLY)

57. Defendants repeat and re-allege each response to paragraphs 1 through 56, inclusive, of this Answer and incorporate the same as though set forth fully herein.

58. Defendants admit that the statutes set forth in Paragraph 55 of the Complaint speak for themselves. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining legal conclusions contained in Paragraph 58 and therefore deny each and every remaining allegation contained in Paragraph 58.

59. Defendants deny each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendants deny each and every allegation contained in Paragraph 60 of the Complaint.

61. Defendants deny each and every allegation contained in Paragraph 61 of the Complaint.

62. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 62 of the Complaint, and on that basis deny each and every allegation contained in paragraph 62.

63. Defendants deny each and every allegation contained in Paragraph 63 of the Complaint.

64. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' allegations contained in paragraph 53 of the Complaint, and on that basis deny each and every allegation contained in paragraph 53.

1 | 65. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 65 of the Complaint, and on that basis deny each and every allegation contained in paragraph 65.

66. Defendants deny each and every allegation contained in Paragraph 66 of the Complaint.

67. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 67 of the Complaint, and on that basis deny each and every allegation contained in paragraph 67.

68. Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 68 of the Complaint, and on that basis deny each and every allegation contained in paragraph 68.

## IV. FOURTH CLAIM FOR REVIEF

## SLANDER OF TITLE

20. (sic) Defendants repeat and re-allege each response to paragraphs 1 through 68, inclusive, of this Answer and incorporate the same as though set forth fully herein.

21. (sic) Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' allegations contained in paragraph 21 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 21 (sic).

22. (sic) Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' allegations contained in paragraph 22 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 22 (sic).

23. (sic) Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 23 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 23 (sic).

24. (sic) Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 24 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 24 (sic).

1      25. (sic)     Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 25 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 25 (sic).

26. (sic)     Defendants deny each and every allegations set forth in Paragraph 26 (sic) of the Complaint.

27. (sic)     Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 27 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 27 (sic).

28. (sic)     Defendants admit that the allegations regarding the relief Plaintiffs are seeking from this Court regarding damages and attorney's fees speak for themselves. Except as admitted herein, Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in Paragraph 28 (sic) and therefore deny each and every remaining allegation contained in Paragraph 28 (sic).

## V. FIFTH CLAIM FOR RELIEF

## ATTORNEY'S FEES

29. (sic)     Defendants repeat and re-allege each response to paragraphs 1 through 77, inclusive, of this Answer and incorporate the same as though set forth fully herein.

30. (sic)     Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 30 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 30 (sic).

31. (sic)     Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' legal conclusions contained in paragraph 31 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 31 (sic).

32. (sic)     Defendants lack sufficient information and are therefore unable to admit or deny Plaintiffs' allegations contained in paragraph 32 (sic) of the Complaint, and on that basis deny each and every allegation contained in paragraph 32 (sic).

1　　　33. (sic)　　Defendants lack sufficient information and are therefore unable to admit
2 or deny Plaintiffs' legal conclusions contained in paragraph 33 (sic) of the Complaint, and on
3 that basis deny each and every allegation contained in paragraph 33 (sic).

4　　　34. (sic)　　Defendants admit that the statutes set forth in Paragraph 34 (sic) of the
5 Complaint speak for themselves. Except as admitted herein, Defendants are without knowledge
6 or information sufficient to admit or deny the truth of the remaining allegations contained in
7 Paragraph 34 (sic) and therefore deny each and every remaining allegation contained in
8 Paragraph 34 (sic).

9　　　35. (sic)　　Defendants admit that the allegations regarding the relief Plaintiffs are
10 seeking from this Court regarding damages and attorney's fees speak for themselves. Except as
11 admitted herein, Defendants are without knowledge or information sufficient to admit or deny
12 the truth of the remaining allegations contained in Paragraph 35 (sic) and therefore deny each
13 and every remaining allegation contained in Paragraph 35 (sic).

## VI. REQUEST FOR JUDGMENTS AND ORDERS

15　　　36 a. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or damages
16 sought.

17　　　36 b. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
18 damages sought.

19　　　36 c. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
20 damages sought.

21　　　36 d. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
22 damages sought.

23　　　36 e. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
24 damages sought.

25　　　36 f. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
26 damages sought.

27　　　36 g. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
28 damages sought.

1    36 h. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
2 damages sought.
3    36 i. (sic) Defendants deny that Plaintiffs are entitled to any of the relief and/or
4 damages sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs have failed to state facts sufficient to constitute any claim for relief against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Establish Elements)**

Plaintiffs' claims are barred because they cannot establish all of the elements to each claim for relief in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

**(Suffered No Damages)**

Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of the allegations in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred in whole or in part because of the Plaintiffs' failure to take reasonable steps to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

Any purported damages suffered by Plaintiff are speculative and non-compensable under California law (Code Civ. Proc. §430.10(f).

### SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendants allege that Plaintiffs' claims are barred by applicable statute of limitations under

California law (Code Civ. Proc. §337).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches, Unclean Hands, Failure to Do Equity)**

Defendants allege that Plaintiffs' claims are barred by the equitable doctrine of laches, unclean hands and failure to do equity.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiffs, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein.

**NINETH AFFIRMATIVE DEFENSE**

**(Off Set and Recoupment)**

Defendants are entitled to offset and recoupment against any award which may be made to Plaintiffs by the amount owing by Plaintiffs to Defendants including, without limitation, the amount of the loan.

**TENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

The acts and omissions of Defendants alleged in Plaintiffs' Complaint were not a proximate cause of the loss or damage for which Plaintiffs seek recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Direct and Proximate Result of Other Parties)**

Defendants are neither liable nor responsible to Plaintiffs herein for the alleged damages or injuries to Plaintiffs, if any whatsoever, because any damages or injuries sustained by Plaintiffs herein were the direct and proximate result of the independent, intervening negligence and/or intentional conduct of Plaintiffs, their agents, and/or other parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Plaintiffs)**

Plaintiffs were careless and negligent with respect to all matters alleged by them in the Complaint in that they failed to exercise ordinary or reasonable care on their own behalf at the

time and place of the events and happenings alleged in the Complaint, and thus was comparatively at fault and proximately caused their own damages. Accordingly, any damages otherwise recoverable by the Plaintiffs, if any, should be reduced in proportion to their own negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

The acts and omissions of Defendants, as alleged in Plaintiffs' claims for relief, were not a proximate cause of the loss or damage for which Plaintiffs seek recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Practice Not Unfair)

Defendants' practices as alleged in the Complaint were not unfair.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

Defendants reserve the right to assert additional affirmative defenses in the event discovery and/or investigation indicates that additional affirmative defenses are applicable.

WRIGHT, FINLAY & ZAK, LLP

Dated: February 4, 2016   By: */s/ Nichole L. Glowin, Esq.*
Nichole L. Glowin, Esq.
Attorneys for Defendants, OCWEN LOAN SERVICING, LLC, CIT BANK, N.A. formerly known as ONEWEST BANK, FSB *erroneously sued herein as* CIT BANK N.A., the successor to ONEWEST BANK, FSB and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H4

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On February 4, 2016, I served the foregoing documents described as **ANSWER TO FIRST AMENDED COMPLAINT FOR DECLATORY RELIEF TO VOID LIEN PURSUANT TO 11 U.S.C. § 506(a); RELATED STATED CAUSES OF ACTION; AND DETERMINATION OF DISCHARGEABILITY OF DEBT UNDER FRBP § 4007**, on the following individuals by depositing true copies thereof in the United States first class mail at Newport Beach, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[ ] (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on February 4, 2016, at Newport Beach, California.

   /s/ Brandon Quon
BRANDON QUON

**SERVICE LIST**
BK Case No.: 09-27153
Adv. Case No.: 15-02095
Gil Mariano Raposo v. Ocwen Loan Servicing et.al.

Gil Mariano Raposo
9090 Locust St
Elk Grove, CA 95624
PLAINTIFF AND DEBTOR

Joanne Carol Raposo
9090 Locust St
Elk Grove, CA 95624
PLAINTIFF AND JOINT DEBTOR

Peter L. Cianchetta
8788 Elk Grove Blvd. Ste. 2A
Elk Grove, CA 95624
COUNSEL FOR PLAINTIFFS AND DEBTORS

David Cusick
PO Box 1858
Sacramento, CA 95812-1858
CHAPTER 13 TRUSTEE

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814
US TRUSTEE

Honorable Ronald H. Sargis
501 I Street, Suite 3-200
Sacramento, California 95814
COURT